DIMMOCK and others v. DOOLITTLE.

(*Circuit Court, N. D. Illinois.*  January 17, 1887.)

REMOVAL OF CAUSE—ASSIGNMENT OF NON-NEGOTIABLE CONTRACT.
  Where an action is brought by a party to a non-negotiable contract for the use of his assignee, citizenship of the party to the contract, and not that of his assignee, determines the question of the removability of the cause.

On Motion to Remand.
*Millard R. Powers*, for plaintiff.
*Doolittle & McKey*, for defendant.

BLODGETT, J., (*orally.*)  This case was commenced in the state court in the name of Richard W. Dimmock *et al.* against Doolittle, for the use of Powers.  Doolittle applied for a removal of the case on the ground that the controversy was between citizens of different states, charging in the petition for removal that the Dimmocks were citizens of New Jersey, and the defendant a citizen of Illinois; and the case was accordingly sent to this court by the state court.  The plaintiffs now move to remand, on the ground that the party for whose use the suit is instituted is a citizen of Illinois, and therefore the federal court has no jurisdiction.

The question, I find on examination, is by no means a new one; it was raised in the case of *Sere* v. *Pitot*, 6 Cranch, 332, and quite fully discussed; but the case which finally settled the principles involved in this case is undoubtedly that of *Irvine* v. *Lowry*, 14 Pet. 293, where a distinction is drawn between the class of cases where an official bond was given,—as, for instance, in the case of *McNutt* v. *Bland*, 2 How. 9,—and suits brought for the use of the equitable owner of a non-negotiable contract.  A statute of Mississippi required that sheriff's bonds should be made payable to the governor of the state, and in the latter case a suit was brought in the name of the governor of the state of Mississippi for the use of a citizen of Massachusetts, against the sureties upon a sheriff's bond.  The question of jurisdiction was raised, and the court there held that in that class of cases, the bond being given for the benefit of whoever might be injured by the acts or negligence of the sheriff, the citizenship of the party for whose use the suit was brought determined the jurisdiction.  But in *Irvine* v. *Lowry* the former case was fully discussed, and it was held there that where, as in the case now before the court, the suit is brought upon a non-negotiable contract or right of action, where the legal title still remained in the original creditor, so as to require the suit to be brought in his name, the citizenship of the plaintiff holding the legal title, and not that of the person holding the equitable title, to the demand, controlled the jurisdiction.

It will be readily appreciated that, in suits on official bonds made payable to a public officer, who merely holds the bond for the benefit of persons who may become entitled to a remedy upon it, the designation of the person for whose benefit the suit is prosecuted is a necessary part

of the case; as, unless some specific person has been injured, there would be no right of action. But in a case like this, where a right of action rests in a non-negotiable contract or right of action, express or implied, there is no necessity, as a matter of pleading, for naming the party equitably or beneficially interested in the suit, and the statement of such person's name upon the record is really no part of the case, and has no effect except to act as notice that the demand is not owned by the plaintiff.

The motion to remand is therefore overruled.