## McNulty *v.* Connecticut Mut. Life Ins. Co. *et al.*

### (*Circuit Court, N. D. Iowa, E. D.*   June 11, 1891.)

1. REMOVAL OF CAUSES—APPLICATION.
   Where, in an action on an insurance policy, it appears that the policy was assigned by the insured to a third person, who assigned it to one of the parties to the action, a petition for removal on the ground of diverse citizenship, which fails to show the citizenship of such third person, is not sufficient to warrant removal.

2. SAME—SEPARABLE CONTROVERSY.
   In an action brought by an administratrix against an insurance company upon a policy of insurance on the life of her intestate, in which one claiming the policy as assignee is made a party defendant, the controversy between the administratrix and the assignee, on the one side, and the company on the other, is single.

At Law.   Motion to remand.

*George H. Barnes* and *Powers, Lacy & Brown,* for plaintiff.

*Henderson, Hurd, Daniels & Kiesel,* for defendants.

SHIRAS, J.   From the transcript of the record now on file in this court the following facts are gleaned:   On the 16th day of November, 1868, Henry T. McNulty, then a resident of Dubuque, Iowa, took out a policy of insurance on his life in the Connecticut Mutual Life Insurance Company, in the sum of $10,000, payable to the said McNulty, his executors, administrators, or assigns, in 90 days after due notice of and proof of the death of said assured.   On the 9th day of July, 1878, Henry T. McNulty in writing assigned this policy to Duncan & Waller as security. Subsequently, but without date, Duncan & Waller assigned the policy, and all claim under it, to Edward W. Duncan.   On the 13th day of April, 1890, said McNulty died, and Mary A. McNulty, his widow, was duly appointed administratrix of his estate by the proper court in Dubuque county, Iowa.   The present action was brought by said administratrix to the January term, 1891, of the district court of Dubuque county, the insurance company and Edward W. Duncan being made defendants, the claim against the company being upon the policy of insurance, and, as against the defendant Duncan, it is averred that he claims to hold the policy as security for certain sums advanced to pay the premium on said policy during the life-time of said Henry T. McNulty, the amount of which the administratrix cannot determine; and it is therefore prayed that said Duncan be required to establish what, if any, claim he has for which he holds said policy as security, and that the amount of the respective interests in said policy as between the administratrix and said Duncan be established, and judgment entered accordingly.   Section 2547 of the Code of Iowa provides that "any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved in the action, except as otherwise provided by law;" and it was under the provisions of this section that Duncan was made a defendant to the present action. At the January term, 1891, of the state court the defendant company

filed its petition for removal, averring that the company, when the suit was brought and when the removal petition was filed, was a corporation created under the laws of the state of Connecticut; that the plaintiff, Mary A. McNulty, and the defendant Duncan were then and are citizens of the state of Iowa; that the plaintiff and the defendant Edward W. Duncan each demand of the petitioner the payment of the whole sum of $10,000, mentioned in the policy, and each claims an interest therein exceeding, exclusive of interest and costs, the sum of $2,000; and that the petitioner, as against each and both of them, refuses to pay any sum whatever, and resists the entire demand and claim. The state court refused to order a removal, and thereupon the petitioner procured a transcript of the record, and filed the same in this court, and plaintiff now moves for an order remanding the cause.

In support of the jurisdiction of this court it is argued that there is in fact involved in the action three several controversies, to-wit, that between the administratrix and the company, that between Edward W. Duncan and the company, and that between the administratrix and the said Duncan; and that the company, having the right to remove the controversy between it and the administratrix, has thereby the right to remove the entire action. Can it be successfully claimed that the controversy between the administratrix and the company is separable and distinct from that between Duncan and the company? The right of the action against the company is based solely upon the liability created by the contract evidenced by the policy of insurance. The theory of the action as brought by the administratrix is that upon the death of Henry T. McNulty the company, by the terms of the policy issued by it, became bound to pay " to the said McNulty, his executors, administrators, and assigns," the sum of $10,000, and that part of this sum belonged to Duncan in repayment of the amounts due him, and the balance belonged to the administratrix. The question in which the company is interested is whether the policy of insurance was in force when McNulty died, and the controversy over this issue is one and indivisible. According to the theory of the action as set forth in the petition filed therein, both the administratrix and Duncan have an interest in the single claim against the insurance company, and it is proposed to settle the liability of the company on the policy, and then, if such liability is established, to determine the shares or interest belonging to the claimants.

Arranging the parties to the record with reference to their actual relation to the cause of action as disclosed in the petition, the administratrix and Duncan are interested adversely to the insurance company in the controversy over the liability of the company upon the policy of insurance; but there do not exist separable controversies between them and the company touching that issue. Treating the controversy, therefore, as one, and not separable, does the record show that this court can take jurisdiction by removal? Upon the face of the record it appears that the policy of insurance was assigned by Henry T. McNulty to Waller & Duncan, and by them to Edward W. Duncan. The record wholly fails to show the citizenship of said assign-

ors, and therefore it is not made to appear that Duncan could have originally brought this action in the federal court; in other words, had the administratrix and Edward W. Duncan brought this action originally in the federal court, in order to sustain the jurisdiction it would have been necessary to aver the citizenship of the parties under whom Duncan claimed title, and to show that their citizenship was diverse from that of the insurance company. Under the act of 1887, as amended by that of 1888, to justify a removal on the ground of diverse citizenship it must appear that the case is one of which the federal court could take jurisdiction originally under the provisions of the first section of the act. The record fails to show that said Duncan, either alone or conjointly with the administratrix, could have brought suit in the federal court upon the policy of insurance, for the reason stated, to-wit, that Duncan holds the policy as assignee, and the record fails to disclose the citizenship of his assignors. As it does not appear that this court would have had jurisdiction originally over this cause, it cannot take it by removal, and the motion to remand is therefore sustained, at cost of the defendant corporation.