## FRISBIE v. CHESAPEAKE & O. RY. CO.

(Circuit Court, D. Kentucky. January 10, 1894.)

REMOVAL OF CAUSES—REMAND—AMENDED PETITION.
> When a cause is remanded for defects in the petition, after the time when an answer is required by the state practice, it is then too late to again remove it on an amended petition. Brigham v. Lumber Co., 55 Fed. 881, followed, and Freeman v. Butler, 39 Fed. 4, disapproved.

At Law. Action by H. D. Frisbie, administrator of William Falconer, against the Chesapeake & Ohio Railway Company to recover damages for personal injuries. Heard on motion to remand to the state court. Granted.

C. B. Simrall, Alfred Mack, and J. T. Simon, for plaintiff.
W. H. Jackson and Hallam & Myers, for defendant.

TAFT, Circuit Judge. This is a motion to remand. On the 1st day of March, 1893, the plaintiff, Frisbie, filed his petition against the Chesapeake & Ohio Railway Company in an action for damages for personal injury. On the 15th day of March—the day when the answer to the petition was required under the laws of Kentucky—the defendant filed a petition for removal. The case was removed and the transcript filed in this court. Judge Lurton, on the ground that the petition was defective in not making the proper allegations as to residence and citizenship, remanded the case. 57 Fed. 1. Thereupon, on the 9th day of October, 1893, the plaintiff made a motion to file an amended petition for the removal of this cause to the United States circuit court. This was filed, the bond was accepted and approved, and the transcript was filed in this court.

Motion is now made to remand on the ground that no removal was effected by the amended petition and bond. I think that the motion to remand must be granted. It seems to me clear that under the statute, unless there is filed in the state court a proper petition for removal, at or before the time when the defendant is required to plead, all power is gone to oust the jurisdiction of the state court. The time within which the necessary petition should be filed is fixed by the statute. It cannot be extended in the discretion of either the federal or the state court. For the state court to allow an amendment to the petition for removal which shall relate back to the time when the original petition was filed is merely an indirect mode of extending the time within which a removal can be effected. I very much regret to differ with my colleague, Judge Barr, in this matter, but, after an examination of his opinion in the case of Freeman v. Butler, 39 Fed. 4, and a weighing of the arguments therein contained with the opposing arguments contained in the subsequent opinion of Judge Bunn in the case of Brigham v. Lumber Co., 55 Fed. 881, I find myself unable to concur with Judge Barr's reasons.

For these reasons the motion to remand will be granted.