FLYNN v. FIDELITY & CASUALTY CO.

(Circuit Court, W. D. Missouri W. D. April 30, 1906.)

No. 3,092.

REMOVAL OF CAUSES—AMENDMENT OF PETITION—POWER OF COURT TO PERMIT.
    Leave to amend a petition for removal, by alleging directly the citizenship of plaintiff's assignor, may be granted by the federal court after the record on removal has been filed therein, but before any action has been taken thereon, where the record already shows such citizenship in legal effect, and that the case is one properly removable.

On Motion for Leave to Amend Petition for Removal.

J. C. Rosenberger and Piatt, Lea & Wood, for plaintiff.
Harkless, Crysler & Histed, for defendant.

PHILIPS, District Judge. The defendant has filed motion for leave to amend the petition filed in the state court for the removal of this cause, by making a formal statement therein to the effect that Adelia J. Flynn was at the time of the assignment of her interest in the policy in suit to her son, the plaintiff Frank Flynn, a citizen of Jackson county, Missouri. The policy of insurance was issued to John T. Flynn, the father of the plaintiff and the husband of Adelia J. Flynn. The policy was payable to said Adelia J. Flynn on the death of said John T. Flynn, who died on October 25, 1905. About the 7th day of January, 1906, she assigned and transferred to the plaintiff all her right and interest in said policy. The suit was brought on the 21st day of February, 1906, in the circuit court of Jackson county, Mo., to collect said policy. On the 12th day of March, 1906, the return day of the writ of summons in said case, the defendant appeared and filed its motion, with sufficient bond, for the removal of the controversy into this court. The state court held the application under advisement, and while it was so pending the defendant obtained from the clerk of said state court a transcript of the record and proceedings therein, and filed the same in this court on the 23d day of April, 1906. The petition for removal did not aver, in direct terms, that at the time of the assignment of said policy to the plaintiff the said Adelia Flynn was a resident citizen of Jackson county, Mo., and the amendment offered is to cure this defect in the petition for removal.

I am of the opinion that, as applied to the facts appearing on the whole record in this case, the right to make such amendment comes within the principles laid down in the opinion of Mr. Justice Brewer, in Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24

Sup. Ct. 30, 48 L. Ed. 103. It is true that the defect in the petition for removal in that case was its failure to aver the citizenship of one of the parties to the suit. But it did appear that the purpose was to remove the case on account of diverse citizenship. The controlling principle laid down in the opinion is that the petition and bond for removal are in the nature of process, as they constitute the process by which the case is transferred from the state to the federal court; and the federal statute authorizes the circuit court at any time, in its discretion, etc., to allow an amendment of any process returnable to or before it where the defect does not prejudice and the amendments will not injure the party against whom such process issues; and the further provision that no declaration, process, or other proceeding in a civil cause in any court of the United States shall be abated, etc., for any defect or want of form, and the court may at any time permit either of the parties to amend any defect in the process or pleadings, at proper discretion. (Here the court read further from said opinion.)

It appears from the petition of the plaintiff in the case that the said Adelia J. Flynn "was at all the said times [that is from the issuance of the policy until the death of said John T. Flynn] his wife." The petition for removal properly alleges the citizenship of the defendant company to be in the state of New York, and that the plaintiff is a resident of the city of Kansas City, Jackson county, Mo., and is a citizen of said state. It also alleges that there is a controversy between citizens of different states, and which can be fully determined between them; that at the time of the death of said John T. Flynn "he was likewise a citizen and resident of the state of Missouri." This was tantamount in law to an allegation that the said Adelia J. Flynn, his wife, was at the time of his death a citizen and resident of the state of Missouri. The settled rule of law of the courts of the United States is "that domicile having once been acquired continues until a new one is actually acquired, animo et facto." 10 American & English Enc. of Law (2d Ed.) p. 15. "Domicile by operation of law is the domicile which a woman acquired by marriage." After the death of the husband the wife, while at liberty to change her residence, until she has changed it, retains the residence of her deceased husband at the time of his death; and as a matter of evidence the domicile once acquired is presumed to continue until another is acquired. Marks v. Marks (C. C.) 75 Fed. 325. And the burden of proof rests upon the party who claims a change in this condition. Desmare v. United States, 93 U. S. 605, 23 L. Ed. 959.

Conceding the law to be that where an assignee sues in the state court it is essential to entitle the defendant to remove the controversy into the United States court that diversity of citizenship should appear between the defendant and the assignor of the contract at the time of the assignment what have we on the face of the record in this case? We have that on the 25th day of October, 1905, the husband of said Adelia was a citizen and resident of Jackson county, Mo.; and, as a conclusive presumption of law, his wife was then a resident citizen of the county. The record further shows that the assignment was made by her to the plaintiff on the 7th day of January, 1906. The presump-

tion of law, therefore, is that the residence which existed on the 25th of October, 1905, continued to January 7, 1906. So that, as a matter of law and fact, the case stands the same as if the record, and the petition for removal alleged that Mrs. Flynn was a resident citizen of Jackson county, Mo., in October, 1905, and continued so to be until the date of the assignment of the policy. The only criticism of the petition for removal is that it omits to state in so many words that at the time of the assignment she was a resident citizen of Jackson county, Mo. It does, therefore, seem to me too clear for dispute that the facts disclosed on the face of the petition show that the direct averment of her citizenship presents a case clearly within the right of an amendment. Mr. Justice Brewer, in the course of his discussion, says:

"The citizenship of the defendant, both at the time the suit was commenced and when the petition for removal was filed, was clearly and positively stated. There was a general averment that it was a case of diverse citizenship, and, therefore, one in which by the statute the party was entitled to a removal."

It will then be observed that he lays stress upon the fact that "the trust deed, which was the subject-matter of the controversy, showed upon its face that the plaintiffs were of Salt Lake county, and was executed before a notary public in that county. The continuance of that situation is to be presumed." So, here, the record in this case shows, in legal effect, that the wife of John T. Flynn was a resident citizen of Jackson county, Mo., at the time of his death in October, 1905; and the presumption of law is that continued to the date of the assignment of the policy on January 7, 1906. The case presented, therefore, is one which the defendant had a right to remove; and as said by Mr. Justice Brewer, "nothing had been done to prejudice the rights of the plaintiff before the petition for removal was perfected."

It is true that in McNulty v. Connecticut Mut. Life Ins. Co. (C. C.) 46 Fed. 305, Judge Shiras remanded the case because the petition for removal did not show that diversity of citizenship existed between the defendant and the assignor. But such state of record did not exist in that case as in this, and no effort was made by the removing party to amend the petition.

The motion to amend is sustained.