## SOUTHERN RAILWAY COMPANY v. BARRETT, DENTON & LYNN COMPANY.

1. An owner of property which had been destroyed by fire brought suit against a railroad company, alleging in substance as follows: The fire was negligently set out by an engine of the defendant. The property had been insured in certain non-resident insurance companies, which had paid the amounts for which they were respectively liable. Each policy contained a provision that in case the property should be destroyed by fire occasioned by the negligence of another, upon payment of the loss the insurance company should be subrogated, to the extent of such payment, to all right of recovery which the insured had on account of such loss, and that such right should be assigned to the company upon making payment of the loss. When each of the insurance companies made payment upon the loss, a contract was entered into by which the insured, in acknowledging receipt of the payment, agreed to assign, set over, and transfer to each insurance company all of the right, claim, and interest of the insured to the extent of such payment, and subrogate it thereto. The insured, a corporation, for the use of the insurance companies, brought suit against the railroad company for the loss occasioned by the fire. The insured was a resident of Georgia. The railroad company was a corporation of Virginia. *Held,* that the defendant was entitled to remove the case to the circuit court of the United States on the ground of diversity of citizenship, without regard to the residence of the insurance companies.

2. The case of *Wortsman* v. *Wade,* 77 *Ga.* 651 (4 Am. St. R. 106), was based upon a suit on a forthcoming bond given in a claim case, and was dependent upon the statutes regulating cases and bonds of that character, and not upon the general law in regard to the residence of the persons named as beneficiaries of a suit brought by an indispensable party plaintiff.

APRIL 23, 1914.

Action for damages. Before Judge Fite. Whitfield superior court. July 28, 1913.

Barrett, Denton & Lynn Company, for the use of Millers' National Insurance Company, Michigan Millers' Mutual Fire Insurance Company, Millers' Mutual Fire Insurance Association of Illinois, and Western Millers' Mutual Fire Insurance Company, brought suit against the Southern Railway Company for the purpose of recovering damages on account of the burning of property belonging to the plaintiff, alleged to have been caused by fire set out by an engine of the defendant. It was alleged that the insurance companies had each insured the property for certain stated amounts, and that they had paid certain amounts under their policies respectively. The petition then contained the following allegation: "Said Barrett, Denton & Lynn Company, for the use of the

said insurance companies, further alleges and shows that each and all of said insurance companies had provision in the policies of insurance upon the property aforesaid, providing in substance that in case the property should be destroyed by fire occasioned by the act or neglect of any person or corporation, that each such insurance company should, upon payment of the loss, [be] subrogated, to the extent of such payment, to all right of recovery which the insured had on account of such loss, and that such right should be assigned to the insurance company upon making payment of the loss. Barrett, Denton & Lynn Company, for the use of the insurance companies aforesaid, further alleges that, independent of any express contract in the policy, the right of subrogation existed under the law, but the same was emphasized and made clear by the contract hereinbefore quoted. Said Barrett, Denton & Lynn Company, for the use of the insurance companies aforesaid, further alleges that when each of the insurance companies aforesaid made the payment upon the loss hereinbefore set forth, that a contract was entered into, by which the said Barrett, Denton & Lynn Company, in acknowledging receipt of each insurance company's payment, agreed to assign, set over, transfer, and subrogate to each such insurance company all the right, claim, and interest, to the extent of each insurance company's payment, which the said Barrett, Denton & Lynn Company had against the Southern Railway Company on account of the loss aforesaid."

The defendant presented its petition to have the case removed to the circuit court of the United States, on the ground of diversity of citizenship, alleging that it was a corporation of the State of Virginia, and that the plaintiff was a corporation of the State of Georgia. The petition was accompanied by a bond, which was approved by the presiding judge; but he passed an order refusing to direct that the case be removed to the United States court. The defendant excepted.

*Maddox, McCamy & Shumate* and *George G. Glenn,* for plaintiff in error.

*R. R. Arnold, W. C. Martin,* and *W. E. Mann,* contra.

LUMPKIN, J. (After stating the foregoing facts.) This suit was brought by the Barrett, Denton & Lynn Company, for the use of certain insurance companies, against the Southern Railway Company. The defendant filed an application to remove the case to the

circuit court of the United States, on the ground of diversity of citizenship, alleging that the plaintiff was a corporation of Georgia, and the defendant a corporation of Virginia. The court refused to grant an order of removal. The only ground on which it was contended here that this refusal could rest was that the insurance companies were the real substantial parties plaintiff, while the insured was only a nominal party, and therefore that the residence of the insured in this State and that of the defendant in Virginia would not authorize the removal on the ground of diversity of citizenship, the insurance companies being non-residents of Georgia.

In determining whether or not a suit is removable from a State court to the circuit court of the United States on the ground of diversity of citizenship, we may consider whether the action could have been originally brought in the Federal court on that ground. Mexican National R. Co. *v.* Davidson, 157 U. S. 201 (15 Sup. Ct. 563, 39 L. ed. 672), where an assignee sued in his own name, and the case was removed to the Federal court. It was held not to be removable, as it could not originally have been there brought, under the Federal statute. In Bonnafee *v.* Williams, 3 How. (U. S.) 574 (11 L. ed. 732), promissory notes were made to a named payee or bearer, for the use of a certain stated company. Suit was brought on these notes in the circuit court of the United States. A demurrer was filed, one ground of which set up that there was no jurisdiction in the court, because, although the nominal plaintiffs were the bearers of the paper, yet the usees, or those for whose benefit the suit was brought, did not appear to be citizens of the same State with the person who sued as bearer. It was declared (page 577): "Where the citizenship of the parties gives jurisdiction, and the legal right to sue is in the plaintiff, the court will not inquire into the residence of those who may have an equitable interest in the claim. They are not necessary parties on the record. A person having the legal right may sue, at law, in the Federal courts, without reference to the citizenship of those who may have the equitable interest." In Dillon on Removal of Causes (5th ed.), § 101, it is said: "Where the jurisdiction of the Federal court depends on citizenship, it is the citizenship of the parties to the record that is alone considered, and not of those who, although not parties, may be beneficially interested in the litigation. This rule applies to executors and administrators and trustees." In

*Schley* v. *Lyon*, 6 *Ga.* 530, it was held, that where an action of trover was brought by trustees in whom the legal title was vested, for a conversion of trust property, and they alleged in their declaration that they sued "for and in behalf" of one of the cestui que trusts, the trustees were the real parties plaintiff in the action, and the words quoted were treated as surplusage. In *Mathis* v. *Fordham*, 114 *Ga.* 364 (40 S. E. 324), it was held that a suit on an administrator's bond, brought by an ordinary for the use of a named woman "and her three minor children," was not demurrable on the ground that all of the plaintiffs' names were not set out in the petition. It was said that "in such a case she and her children are not plaintiffs but usees." In *Holcombe* v. *Richmond & Danville R. Co.*, 78 *Ga.* 776 (3 S. E. 755), an insurance company brought suit against a railroad company, alleging, that certain cord-wood, belonging to a named person, was burned and destroyed through the carelessness of the defendant's agents and servants; that the plaintiff had insured the wood for the owner, and had paid him the insurance money, amounting to a stated sum; and that it was entitled to recover the amount so paid from the railroad company. It was held that such a declaration was demurrable, because the insurance company had no right to recover against the railroad company. Under the statute of this State, however, it was held that the petition was amendable by inserting the name of the owner of the wood, as the plaintiff suing for the use of the insurance company. Thus it was decided that the owner was an indispensable party plaintiff, and that the insurance company could not recover in its own name. We are not now concerned with the question of whether there is subrogation in the absence of express agreement.

In Wilson *v.* Oswego Township, 151 U. S. 56 (14 Sup. Ct. 259, 38 L. ed. 70), where suit was brought in a State court, by a citizen against an association of the same State, which was an indispensable party to obtaining the relief sought, and also against certain other non-resident parties, it was held that the case could not be removed to the circuit court of the United States on the ground that the defendant mentioned was a formal, unnecessary, or nominal party.

It was contended that the plaintiff in the present case was purely a nominal plaintiff, because of the allegations in the petition as to the provisions in the policies of insurance and in the receipts or

settlements between the insured and the insurance companies. It may well be doubted whether such a cause of action is assignable at all, so as to authorize the assignee to bring suit in his own name. Civil Code (1910), §§ 3655, 5517. In the case at bar it was not even distinctly alleged that there was an attempted assignment. It was not an instance of assignment of title to property with the incidental right to sue for it, or for the deprivation of it. Unquestionably a tort causing the destruction of property, and entirely unliquidated as to damages, could not be parceled out among a number of insurance companies, so as to authorize each of them to sue the railroad company for damages. The railroad company had not destroyed any property belonging to the insurance companies, and the latter were in no position to bring suits against it in their own names. The only recovery which could be had, if any, would be by the owner of the property destroyed. An illustration may make this more clear. Suppose that two or three houses belonging to the same owner had been destroyed by the same fire, and only one of them had been insured, is it not plain that the same tort could not furnish several rights of action, in one of which the owner of the property would be the real party, and in the others of which he could be called only a nominal party? Or that in one action he would be partly the real plaintiff and partly only a nominal plaintiff? In the case before us the owner of the property was an indispensable party plaintiff. The insurance companies could not sue without him. In such a case it is difficult to perceive how he can be called a merely nominal party.

The situation here involved is entirely different from that in a case where suit is brought by or against a real substantial party, and there are added certain merely nominal parties. Jurisdiction in a Federal court can not be defeated in that manner. But we know of no case where it has been held that an indispensable party holding the legal title to property for the destruction of which suit is brought can be treated as merely nominal. For some purposes, especially in matters arising out of contracts, usees or persons having equitable interests or title are treated as real parties, so as to let in certain defenses or prevent injustice, but not to prevent the removal of a cause to the Federal court in a case like this.

Much reliance has been placed on the decision in *Wortsman* v. *Wade*, 77 *Ga.* 651 (4 Am. St. R. 106). In that case a levy was

made by a marshal of the United States on certain property. A claim was interposed, and a bond was given, payable to such marshal and his successors, conditioned for the forthcoming of the property levied on and claimed. Subsequently a successor of the marshal brought suit in a State court on the forthcoming bond, for the use of the plaintiffs in attachment, who were non-residents of the State, the marshal being without interest in the subject-matter of the suit. It was held that the plaintiffs in attachment were the real plaintiffs in the action, and could remove it to the circuit court of the United States on the ground of their non-residence, although the marshal was a citizen of this State. The claim laws, including the giving of the forthcoming bond, are of statutory origin, and are governed by the statute. It was declared in the opinion that suit could have been brought by the plaintiffs in their own names (Civil Code (1910), § 13). Without discussing further the reasoning of the court in that case, it is clearly distinguishable from that now before us, where the insurance companies could not have sued in their own names, and where the right of action did not depend on a statutory provision, but arose from the ownership of the property and its wrongful destruction. The distinction between the cases like that just above cited and that of *Governor* v. *Hicks,* 12 *Ga.* 189, and a case in which there is one cause of action on which there can be but one recovery for the use of several parties in interest, is recognized in *Glenn* v. *Black,* 31 *Ga.* 393, and *Sharman* v. *Walker,* 68 *Ga.* 148.

The indispensable plaintiff being a resident of Georgia, and the defendant being a corporation of another State, the latter was entitled to remove the cause to the circuit court of the United States on the ground of diversity of citizenship, although it was alleged that the plaintiff sued for the use of the insurance companies which had paid him the amounts for which they were respectively liable under their policies. Desty's Removal of Causes (3d ed.), § 95, 961; 18 Enc. Pl. & Pr. 206 (6); Freidler *v.* Chotard, 19 Fed. 227; Dimmock *v.* Doolittle, 29 Fed. 545; McNulty *v.* Connecticut Mutual Life Ins. Co., 46 Fed. 305; Waterman *v.* Chesapeake &c. Ry. Co., 199 Fed. 667.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*