### BRADY v. J. B. McCRARY CO.

(District Court, S. D. Florida. August 15, 1917.)

1. REMOVAL OF CAUSES ⚌107(6)—PETITION FOR REMOVAL—AMENDMENT.

A petition for removal may be allowed to be amended in the federal court to show the citizenship of the plaintiff's assignor where he sues as assignee.

2. REMOVAL OF CAUSES ⚌89(1)—PROCEEDINGS FOR REMOVAL—ACTION BY STATE COURT.

The filing of a duly verified petition for removal, stating the necessary facts, together with a good and sufficient bond conditioned as required by statute, with written notice to plaintiff that the same would be filed, automatically removes the cause, and it is immaterial whether the clerk marks the papers filed or whether they are acted on by the state court prior to the time when defendant would be required to plead in that court.

3. REMOVAL OF CAUSES ⚌88—BOND FOR REMOVAL—SUFFICIENCY.

A bond for removal held sufficient in the absence of any objection to its validity prior to its approval by the judge of the state court.

4. REMOVAL OF CAUSES ⚌88—BOND FOR REMOVAL—SUFFICIENCY.

Under the statute of Florida which provides that a foreign corporation not complying with its requirements to authorize the doing of business

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the state cannot take advantage of such noncompliance, but is bound by its contracts, the fact that a bond given on removal of a cause and executed by a foreign corporation does not show that such corporation has complied with the state statute does not render it invalid.

At Law. Action by C. S Brady against the J. B. McCrary Company. On motion by defendant for leave to amend petition for removal and by plaintiff to remand to state court. Motion to amend granted and to remand denied.

E. M. Semple, of Miami, Fla., for plaintiff.
Shutts, Smith & Bowen, of Miami, Fla., for defendant.

CALL, District Judge. On March 23, 1917, the plaintiff commenced his suit against the defendant in the circuit court for Dade county, Fla., and on April 2, 1917, filed his declaration, claiming $50,000 damages. On the same day the defendant entered its appearance. On April 30, 1917, and before the time to plead, the defendant filed with the clerk of said court its petition for removal, on the ground of diverse citizenship, in which it alleged that the suit was one of a civil nature at common law, of which the District Court had original jurisdiction. It then proceeds to set out the substances of the declaration, the first two counts showing the making of contracts between the defendant and one Collins, of Dade county, Fla.; the accounts due thereunder having been transferred to plaintiff by written assignment. Four common counts follow for goods bargained and sold, work done and materials furnished, money had and received, and account stated. The allegation of jurisdictional amount is made. The petition then contains this averment, "Petitioner says on information and belief" that plaintiff at the time of the commencement, since that time, and is now a citizen and resident of Florida, and the defendant a citizen of, and with its principal place of business in, Georgia. With said petition, and at the same time, the defendant lodged with the clerk its bond with the Fidelity & Deposit Company, of Maryland as surety in the sum of $500, conditioned as required by the statute, together with an order for the signature of the judge of said court removing said cause to this court.

On April 28, 1917, notice that such petition and bond for removal would be filed on April 30th was given to and accepted by the attorney for the plaintiff. Owing to the absence of the judge, the order for removal and bond was not presented by the clerk to the judge until May 4th; the rule day in May being the 7th. The judge withheld his signature from the order and approval of said bond until he should be further advised. The bond was approved on May 19th. The order of removal seems never to have been made.

On May 28th the defendant filed the record in this court, and on June 4th the plaintiff moved to remand the case to the state court, on twelve grounds. The first four grounds are directed to the bond, its sufficiency and approval. The fifth and sixth attack the removal on the grounds that the petition and bond were not accepted or presented

to the judge; the seventh on the ground the case was not set for hearing and notice given to plaintiff's attorney; the eighth that the bond is not sufficient, and the ninth, tenth, eleventh, and twelfth that diversity of citizenship of plaintiff's assignor is not shown.

After argument on the motion to remand, and before any ruling thereon could be made, the defendant filed its motion for leave to amend its petition by showing the citizenship of Collins, the assignor of plaintiff; this last-mentioned motion being filed June 19th.

On May 7th the plaintiff applied for and had entered in the clerk's office of the state court a default judgment against the defendant, for want of a plea or demurrer.

Section 24 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087) limits the jurisdiction of District Courts on choses in action to such cases as might be brought by the assignor. Section 28 of said Code limits cases to be removed to those of which the District Court are given original jurisdiction, and section 29 directs the method of procedure in removals, and requires the party to make and file a petition, duly verified, in the state court at any time before he is required to plead by the state law for the removal of said cause, and shall make and file therewith a bond with good and sufficient surety that he will within 30 days file a certified copy of the record and pay all costs that may be awarded by the District Court, if it shall be held that the suit was wrongfully or improperly removed. The section then requires that written notice of such petition and bond for removal shall be given the adverse party prior to filing same.

[1] It seems to me that the first question to be determined is whether the amendment asked can be allowed. This question seems to me to be settled in the affirmative by the decision of the United States Supreme Court in Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103. In that case the point was directly presented and ruled upon. The court in that case directly held that proceedings for removal were process and amendable. With the proposed amendment allowed, there is no question that the motion to remand in so far as citizenship is concerned is not well taken.

The motion to remand has other grounds, however.

[2] The plaintiff contends that the bond is insufficient, not filed within the time required, or filed any bond; that the bond was not filed until May 19th, when it was approved by the state circuit judge; that the bond was not accepted until after the plea day; that the petition and bond were not accepted by the state judge; that the petition and bond were not presented to the state judge; and that the petition was not set down for a hearing before the state judge, and plaintiff given notice of such hearing.

These grounds may be considered together. In the first place, the filing of a duly verified petition for removal, stating the necessary facts, together with a good and sufficient bond, conditioned as required by the section, with written notice to the plaintiff that the same would be filed, automatically removed said cause to the United States court.

The section makes it the duty of the state court to accept said petition and bond and proceed no further in such suit. It is too well settled by authority to need citation that even the refusal of the state court to grant the petition in a proper case made is of no moment. That this petition and bond was filed with the clerk of the state court on April 30th, the plea day being May 7th, appears to me too plain for serious contention. That the plaintiff's attorney was given notice and accepted same that such petition and bond would be filed April 30th admits of no dispute. Suppose the clerk did put his file mark on the bond and afterwards scratched it out, or suppose he had refused to file it; the rights of the defendant given by section 28 of the Judicial Code could not in any wise be prejudiced by the clerk's action. The section requires that the petition and sufficient bond be filed, and it is settled law that the clerk is the custodian of the records of the court, and a lodging with him for such purpose is a filing, whether he sees fit to place his file mark thereon or not. A litigant's rights cannot be injuriously affected by the failure or neglect of the clerk to do his duty. In the instant case the clerk seems to have done his duty by placing his file mark upon the bond.

Nor can the failure of the state judge to approve the bond and make the order of removal when presented to him on May 4th deprive the defendant of its right to remove. There can be no question that, had the attorneys for the defendant presented the papers there to the judge, instead of intrusting such duty to the clerk, no trouble would have been experienced.

This, it seems to me, disposes of these grounds of the motion to remand.

[3] There is one other ground that should be noticed. It is that the bond is insufficient on its face: (a) It is executed by a foreign corporation in a foreign jurisdiction with a foreign surety company, and it is not made to appear that the seals affixed have been authorized; and (b) that it is not made to appear that the foreign surety company is authorized to do business in the state of Florida, so that the state judge was authorized to accept same without justification.

The certified copy of the bond contained in the record appears to be signed by the president of the defendant, and the surety company by its agent and attorney in fact, and the corporate seal attached. This, it seems to me, would be amply sufficient to authorize the state judge to accept the same, unless something was brought to his attention questioning the validity of said bond. Nothing of this kind seems to have been done, as his approval and acceptance appear under date of May 19th.

[4] It is also contended that it does not appear that the surety company was authorized to do business in Florida. The foreign corporation act of Florida has been construed by the state Supreme Court as making the contracts voidable and not void, and such act has been amended by the Legislature at its session in 1915. But in any event by the terms of the act the foreign corporation not complying with the act can take no advantage of such noncompliance, but is bound

by its contracts. Section 29 of the Judicial Code requires "surety," not "sureties." This last ground, it seems to me, is not well taken.

The motion to amend will be granted, and the motion to remand will be denied.

It will be so ordered.