## KRAUT v. WORTHINGTON PUMP & MA-
## CHINERY CORPORATION.

District Court, S. D. New York.
March 5, 1932.

On Reargument July 18, 1932.

Borris M. Komar, of New York City, for plaintiff.

Regan & Barrett, of New York City, for defendant.

GODDARD, District Judge.

 A case which, by virtue of the diverse citizenship of the parties, falls within the general jurisdiction of the District Courts, as conferred by the Judicial Code § 24 (28 USCA § 41), is within the general jurisdiction of a District Court sitting in a state in which neither party is a citizen, and whenever such suit is removed from a state court under Judicial Code § 28 (28 USCA, § 71. See, also, section 72, 28 USCA [section 29, Judicial Code]) the removal must be to the District Court in the district where the suit is pending, and such right of removal may be exercised by the defendant, regardless of the assent of the plaintiff. Lee v. Chesapeake & Ohio Ry. Co., 260 U. S. 653, 43 S. Ct. 230, 67 L. Ed. 443. It will be noted that this case (Lee v. Chesapeake & Ohio Ry. Co., supra) expressly overrules Ex Parte Wisner, 203 U. S. 449, 27 S. Ct. 150, 51 L. Ed. 264. Petitions and bonds for removal are in the nature of process, and where petition, otherwise sufficient, contains general averment of diverse citizenship with specific averment of that of defendant, and requisite diverse citizenship of plaintiff may be inferred from record, and in fact existed at the time the suit was brought, amendment may be allowed to specifically aver the citizenship of plaintiff. Kinney v. Columbia Savings & Loan Association, 191 U. S. 78, 24 S. Ct. 30, 48 L. Ed. 103.

In the case at bar, the defendant removed on the ground of diversity of citizenship. The complaint specifically alleged that the defendant was a citizen of the state of Virginia, and that plaintiff was a citizen of the

state of New York. And from the allegations of the complaint it may be inferred that the plaintiff's assignor was a nonresident. It also appears now that such diverse citizenship in fact existed at the time the suit was brought. The motion to amend by specifically alleging this fact should therefore be granted. See, also, Bailey v. Texas Company (C. C. A.) 47 F.(2d) 153; Brady v. J. B. McCrary Co. (D. C.) 244 F. 602; Flynn v. Fidelity & Casualty Co. (C. C.) 145 F. 265.

The motion to amend the petition is granted, and the motion to remand is denied. See USCA, title 28, § 399 (Judicial Code, § 274c); also Maichok v. Bertha-Consumers Co. (C. C. A.) 25 F.(2d) 257.

### On Reargument.

■ While it may be inferred from the allegations of the complaint that the plaintiff's assignor was a nonresident, the record discloses that plaintiff's assignor was a nonresident alien, and it is the citizenship of the assignor and not the assignee upon which the jurisdiction of this court depends. Parker v. Ormsby, 141 U. S. 81, 11 S. Ct. 912, 35 L. Ed. 654; Smith v. Fifield (C. C. A.) 91 F. 561. The defendant sought to remove upon the ground that the controversy was "between citizens of different states," and not on the ground that it was one "between citizens of a state and foreign states, citizens or subjects," or in other words, that one of the parties was an alien, which is the fact. This is a new and distinct allegation and ground. Lucania Societa Italiana, etc., v. U. S. Shipping Board E. F. Corp. (D. C.) 15 F.(2d) 568. And it further appears from an examination of the entire record that diversity of citizenship between the defendant and the plaintiff's assignor did not exist at the time the suit was brought. Therefore the case could not be removed on the ground of diversity of citizenship. This court has no power to allow an amendment setting up a new ground of removal after time to answer has expired which is the situation here. Miller v. Soule (D. C.) 221 F. 493; Cameron v. Hodges, 127 U. S. 322, 8 S. Ct. 1154, 32 L. Ed. 132; Frisbie v. Chesapeake & Ohio Ry. Co. (C. C.) 59 F. 369; Nelms, etc., v. Davis (D. C.) 277 F. 982.

■ To allow the defendant to amend his petition so as to set up as the ground of removal that it is a controversy between a citizen and a citizen of a foreign state would be permitting it, not merely to make a more perfect statement of the alleged ground of removal, but to set up an entirely new ground for removal, which is not permissible. Cameron v. Hodges, supra.

My conclusion is consistent with Wallenburg v. Missouri Pacific Ry. Co. (C. C.) 159 F. 217, where a situation quite like the one at bar was presented, and Thompson v. Ward (D. C.) 199 F. 861, in which a generally similar one arose.

Accordingly the motion to amend must be denied and the motion to remand be granted. Settle order on notice.