J. A. DEMINGTON, survivor for use, etc., plaintiff in error, *vs.* E. L. DOUGLASS, survivor, defendant in error.

1. Where a suit was pending on a promissory note, payable to A, only, and the suit was in the name of A for the use of B :
*Held,* That C, who was the true owner of the note, and who controlled the case, might make the affidavit, that all legal taxes due on the note had been paid, as required by the Act of October 13th, 1870.
2. It was proper, in C's application, to permit the declaration to be amended by striking out B's name as usee and inserting the name of C.

Relief Act of 1870. Amendment. Before Judge HAR-RELL. Randolph Superior Court. May Term, 1871.

Demington, survivor for the use of Currier, sued Douglass on a promissory note, made in 1861, payable to Demington & Cole. No affidavit of payment of taxes on said note was filed, as required by the Relief Act of 1870, by Demington or Currier; but John K. Gunn had made and filed the affidavit, with an affidavit that said note was his, and that said suit was proceeding for his benefit. Gunn's counsel stated in his place, that he received the note from Gunn, sued on it for him, and he was his sole client, and that the suit was brought in its present shape by Gunn's order, "from considerations of personal feelings alone," and moved to amend the petition by striking out Currier's name and inserting Gunn's instead. The Court refused to allow the amendment, and dismissed the cause, because there was no affidavit of taxes having been paid, except as aforesaid. This is assigned as error.

JOHN T. CLARK, for plaintiff in error.

E. L. DOUGLASS; H. FIELDER, for defendant.

McCay, Judge.

By our Code, the right of amendment is given in very broad terms: "The pleadings may be amended in *all respects,* whether *in form* or *substance:*" Code, 3429. Again, by section 3436, "When it becomes necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person suing for his use." In this case the *legal, formal* plaintiff, is not purposed to be changed. The note is payable to Demington. The legal title is in him, and there is, in fact, nothing proposed here that changes the legal parties to the suit. The usee's name is put in at the start, at the *option* of the legal plaintiff. It is his business and not the business of the defendant. He is not bound to put his name in the declaration at all. If the plaintiff does so, the Court will recognize it. We see no reason why he may not change it at his pleasure, only so, that thereby he does not injure the defendant. The putting in of the name of a usee at law, is not necessary in any case, except for his (the usee's) protection, and is, in fact, nothing but a declaration by the plaintiff that he is not, himself, the true equitable owner of the debt. We think the amendment ought to have been allowed, and that the affidavit of Mr. Gunn, who knew the facts and was interested in the suit, ought to have been permitted. If this made such a change in the legal rights of the defendant as would deprive him of any just defense, he might then complain; but there is nothing to show that such is the case here.

Judgment reversed.