HOLCOMBE, for use, *vs.* THE RICHMOND AND DANVILLE RAIL-
ROAD COMPANY, and *vice versa.*.

1. Where an insurance company brought suit against a railroad com-
pany, alleging that certain cord-wood, belonging to a person
named, was burned and destroyed through the carelessness of de-
fendant's agents and servants; that the plaintiff had insured the
wood to the owner, and had paid him the insurance money there-
on, amounting to $208.25; and that it was entitled to recover that
amount from the railroad company; such a declaration was de-
murrable as showing no privity between the parties and no right
of action on behalf of the plaintiff against the defendant.
2. Such a declaration was amendable by inserting the name of the
owner of the wood as the plaintiff suing for the use of the insur-
ance company.
3. Where the plaintiff and another witness testified that the wood
destroyed belonged to the former, and it appeared that the wood
was destroyed by fire, resulting from the improper arrangement
of one of the defendant's engines, although it may also have ap-
peared that, on a former suit between a firm of which the plaintiff
was a member and the railroad company in regard to the same
wood, the witnesses then testified that it belonged to the firm,
this did not furnish a ground for a nonsuit, but was matter for the
consideration of the jury.

March 11, 1887.

Actions. Parties. Amendment. Nonsuit. Before
Judge VAN EPPS. City Court of Atlanta. December Term,
1886.

Reported in the decision.

HILLYER & BRO. for plaintiff.

HOPKINS & GLENN, for defendant.

BLANDFORD, Justice.

The original action was brought by the Hamburg-Bremen
Fire Insurance Company against the defendant, in which
it was alleged that certain cord-wood, the property of Wm.
H. Holcombe, upon the line of road of the defendant,

was burned and destroyed by the defendant, by the carelessness of its agents and servants; that this fire insurance company had insured the same to Holcombe, and had paid the insurance money to him, $208.25; and it asked a judgment against this company for the amount it had paid out for insurance to the assured. To this declaration the defendant demurred, on the ground that there was no right of action in this insurance company against it; that there was no privity between them; that the defendant had destroyed no cord-wood belonging to the insurance company. The court sustained the demurrer and dismissed the action, and to this the plaintiff excepted. That is the first ground of exception. Then the plaintiff moved to amend his declaration by adding William H. Holcombe, for the use of the Hamburg-Bremen Fire Insurance Company, and the court allowed this amendment; and to this the defendant excepted. The plaintiff thereupon proceeded to trial, and showed by his evidence that the insurance company had insured this wood, and had paid a certain amount of money on the insurance of the same; that the wood had been destroyed by fire from one of the engines of the defendant company, and this was negligence on their part; that an engine which was not properly arranged emitted sparks in all directions, setting the woods on fire as it passed; and that the wood belonged to Wm. H. Holcombe.

Holcombe testified that it was his wood; that he and a man named Stansell were in partnership under the name of Wm. H. Holcombe & Co.; that their arrangement was that he should furnish all the money for the wood purchased along the line of the road, and it was to be his wood until it was sold, and they were to divide the profits of the sale between them. Stansell testified to the same thing. While they were on the stand, the defendant, on cross-examination, brought out that on a former suit, brought by Wm. H. Holcombe & Co., a firm composed of Wm. H. Holcombe and Stansell, they had

testified that this wood belonged. to Holcombe & Co. and not Holcombe; and the court allowed testimony to show that this was the wood which was embraced in that action; and the amount of the recovery in that action was also allowed by the court to be proved. There was no objection to this at that time. After the plaintiff closed his case, the defendant moved for a nonsuit, making a general demurrer to the evidence, and contending that, according to the testimony in the case, the plaintiff was not entitled to recover. When that motion was made, the plaintiff moved to rule out all the testimony of the witnesses which went to show. anything embraced in the record of that suit of Holcombe & Co. *vs.* Richmond and Danville Railroad Company. · The court ruled it all out and nonsuited the case; whereupon the plaintiff excepted; and the question he makes is, that the court was wrong in not ruling out all the evidence touching the record in the former suit. Some of it comes up here in the motion for new trial; and it. appears in the brief of evidence what that record did contain and what the parties did state. ·

1, 2. We think the court was right to have dismissed the case on· the demurrer filed by the ·plaintiff to this declaration. We do not think there was any right of action in this insurance company as against the defendant; but the insurance company had an interest in it, and we. think the court had a right to allow the amendment which he did allow in this case, whereby Holcombe was introduced, and the suit allowed to proceed in his name for the use of the insurance company. We think that is allowed by the code, although it may introduce a new and distinct cause of action and a new and distinct party. Section 3486 of. the code says that "when it becomes necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his use."

3. We think the court was wrong in awarding this nonsuit. We think it was for the jury to say whether the

wood belonged to Holcombe individually or to Holcombe & Co. The jury ought to have determined that fact from the evidence. It is true, they swore on this trial that the wood belonged to Holcombe, and on the former trial swore that it belonged to Holcombe & Co.; but it was for the jury to say which was the truth, not the court. If it was Holcombe's wood, the plaintiff had made out a *prima facie* case, which would entitle him to recover, under the facts shown in the evidence. If it was not Holcombe's wood, but was Holcombe & Co's, and the jury should so determine, they ought to find for the defendant generally.

So we reverse the judgment of the court below granting the nonsuit.