## WHEELER *v.* STAPLETON.

Where the legal title to a chose in action is in one person, and the beneficial interest in another, an action thereon by the latter may be amended by inserting the name of the former as suing for the use of the plaintiff.

Argued November 16,—Decided November 23, 1896.

*Certiorari.* Before Judge Fish. Sumter superior court. November term, 1895.

Mrs. Wheeler was sued on an account in the county court by Mrs. George Stapleton. Defendant demurred to the petition, on the ground that no cause of action or bill of particulars was attached. Plaintiff amended by attaching an account made out in the name of Mrs. Wheeler with George Stapleton; and by prefixing to the plaintiff's name, wherever it occurred in the petition, "George Stapleton, who sues for the use of." To this amendment defendant

objected on the ground, that the suit being on account it should have been brought in the name of Mrs. George Stapleton, transferee, if she were the owner by transfer of the account, as provided in §2244 of the code, and if she were the original owner of the account the case should have been brought in her favor originally. The objection was overruled, and judgment given for plaintiff, there being no plea. Defendant's *certiorari* was overruled, and she excepted.

*L. J. Blalock*, for plaintiff in error.
*R. L. Maynard*, contra.

ATKINSON, Justice.

The facts are stated in the official report.

The court committed no error in overruling the *certiorari*. It does not appear from the evidence that Mrs. Stapleton, by a legal assignment of the account sued upon, was ever invested with the legal title thereto. Therefore, it was competent, if she saw proper to do so, to amend the suit by adding her husband as the plaintiff suing for her use. The account appears to have been contracted in the first instance by the defendant with George Stapleton. The amendment allowed was equivalent to an allegation that George Stapleton held the legal title to the chose in action, while Mrs. Stapleton held the beneficial interest. Where one holding the beneficial interest in her own name brings an action, and the introduction of the person holding the legal title is necessary to the enforcement of the right of the person having the equitable interest, the declaration, under section 3486 of the code, may be amended by the insertion of the name of such person as suing for the use of the one holding the beneficial interest. In strict law, an action should be brought in the first instance in the name of the person holding the legal title to the thing in controversy, but under our system of amendment, as allowed by the section of the code above referred to, if the suit be

brought by the person beneficially interested, the defect may be cured by the introduction of the person holding the legal title, as suing for the use of the person holding the equitable interest. There does not appear to have been any evidence calling in question either the legal title of the plaintiff, or the beneficial interest of the usee; and there was, therefore, no error committed by the judge of the county court in rendering a judgment in favor of the plaintiff.　　　　　　　　　　　　　*Judgment affirmed.*