## LOUISVILLE & NASHVILLE RAILROAD CO. *v.* RAMSAY *et al.*

1. Where error was assigned on the overruling of a demurrer, the refusal to grant a nonsuit, and the overruling of a motion for a new trial, and this court passed upon the various questions raised, and entered a judgment that "the judgment of the court below be reversed because the court erred in refusing to grant a new trial," the effect of making such judgment of the Supreme Court the judgment of the lower court would not be to put the case out of court as on a nonsuit, but to leave it to stand for a new trial.

2. Under the ruling in *Holcombe* v. *Richmond & Danville R. Co.*, 78 *Ga.* 776 (3 S. E. 755), which has not since been modified or reversed, where certain persons, claiming to own land, brought suit against a railroad company for the purpose of recovering on account of damage alleged to have resulted to the land from the erection by the defendant of a bridge across a stream; and where it appeared that the legal title was in another at the time when the action was commenced, though he had made a conveyance to the plaintiffs pending the case; and this court held that the plaintiffs therefore could not recover, and granted a new trial, it was not error to allow an amendment to the petition, adding the name of the person who appeared to hold the legal title when the action was begun, suing for the use of the original plaintiffs.

FEBRUARY 15, 1912.

Action for damages. Before Judge Fite. Murray superior court. August 8, 1910.

Ramsay and others brought suit against the Louisville & Nashville Railroad Company to recover damages alleged to have resulted by reason of the construction of a bridge across a stream, causing water to be backed on a part of the land, and also causing soil to be washed away from a part of it. A demurrer was overruled. On the trial a motion for nonsuit was overruled, and the defendant filed exceptions pendente lite. A verdict was rendered in favor of the plaintiffs, and the defendant moved for a new trial. This court affirmed the ruling on the demurrer, but for other reasons reversed the judgment of the trial court. The remittitur, transmitted to the court below, recited that "It is considered and adjudged that the judgment of the court below be reversed because the court erred in refusing to grant a new trial." At the succeeding term of the superior court a judgment was entered, making the judgment of the Supreme Court the judgment of the superior court. Immediately thereafter counsel for the plaintiffs announced to the court that they wished to amend the declaration by adding a named person, claiming to hold the legal title when the suit was brought, as plaintiff suing for the use of the originally named plaintiffs. Objection was made to this, on the ground that there was no case in court, as the entry of the judgment on the remittitur operated as a grant of a nonsuit, and also on the ground that the amendment added a new party and a new and distinct cause of action. Thereupon the plaintiffs' counsel made an oral motion to vacate the order which had been signed, but not entered on the minutes, making the judgment of the Supreme Court the judgment of the superior court. The court granted the motion, and passed an order making the person named as holding the legal title to the land a party plaintiff, suing for the use of the plaintiffs already named.

Counsel for the defendant moved the court to enter a judgment upon the remittitur from the Supreme Court, making its judgment that of the superior court, and that a nonsuit be entered. The presiding judge refused to enter a nonsuit, holding that the case had not been finally disposed of, and assigned it for trial at the succeeding term of court. The defendant excepted.

*D. W. Blair, Tye, Peeples & Jordan,* and *C. N. King,* for plaintiff in error.

*Maddox, McCamy & Shumate, W. W. Sampler,* and· *W. E. Mann,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. Ramsay and others brought suit against the Louisville & Nashville Railroad Company to recover damages to land, arising from the construction of a bridge across a stream. On the trial plaintiffs obtained a verdict. The defendant excepted to the overruling of a demurrer, to the refusal to grant a nonsuit, and to the overruling of a motion for a new trial. In this court the judgment of the court below was reversed. 134 *Ga.* 107. The decision dealt with the different rulings. While doubtless this court might have given direction that the case be entered nonsuited, had it seen proper to do so, such was not the judgment rendered. The admission of evidence and charges complained of in the motion for a new trial were dealt with in connection with the question whether the plaintiffs made out a prima facie case; and, upon the whole case, the judgment entered, as shown by the remittitur, was that the judgment of the court below be reversed because the court erred in refusing to grant a new trial. The making of such judgment the judgment of the court below did not operate to nonsuit the case or finally dispose of it, but to grant a new trial. It was accordingly not error for the presiding judge to refuse to enter a judgment of nonsuit or ·dismissal, upon motion. The remittitur from this court should have been made the judgment of the trial court, and the order for that purpose should not have been revoked. But so doing did not have the effect claimed for it by counsel for the plaintiff in error.

2. The action was originally brought in the name of Ramsay and others. It appeared that they relied on a parol gift, and also on a deed from one Harlan, but that such deed was made after the suit was brought. This court held that it was improperly admitted in evidence, as was also certain evidence tending to attach to a deed absolute on its face an express trust in land. When the case was returned to the superior court, a motion was made to amend the petition by inserting the name of Harlan as plaintiff, suing for the use of the original plaintiffs. To this objection was made, on the ground that it added a new party and a new and distinct cause of action. The objection was overruled, and the amendment allowed.

It· was urged in this court, that section 5689 of the Civil Code

of 1910, which declares that "When it becomes necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his use," applied to cases in which persons having equitable rights might enforce them in the name of the holder of the legal title; that, in general, there is no equity in damages arising from a tort; and that this section is not applicable to the case in hand. As an original proposition, there might appear to be some force in the argument. "An action for a tort must, in general, be brought in the name of the person whose legal right has been affected, and who was legally interested in the property at the time the injury thereto was committed." Civil Code (1910), § 5517. "A right of action is not assignable if it does not involve, directly or indirectly, a right of property; hence a right of action for personal torts, or for injuries arising from fraud to the assignor, can not be assigned." This section was codified from a statement in the opinion in *Central Railroad & Banking Co.* v. *Brunswick & Western Railroad Co.*, 87 *Ga.* 386 (13 S. E. 520), where one railroad company sued another for damages arising from a collision, and not only sought to recover damages done to it but also to sue for the use of its engineer, who had been hurt. It is unnecessary to discuss the exact meaning of the words, "if it does not involve, directly or indirectly, a right of property." But the code section first above quoted, allowing the petition to be amended by substituting the name of another person instead of the original plaintiff, suing for his use, when it becomes necessary for the purpose of enforcing his rights, has been directly considered in *Holcombe* v. *Richmond & Danville R. Co.*, 78 *Ga.* 776 (3 S. E. 755). In that case an insurance company brought suit against a railroad company, alleging that certain wood belonging to Holcombe had been destroyed through the negligence of the defendant; that the plaintiff had insured Holcombe against loss, and had paid the insurance; and it thereupon sought to recover from the railroad company the amount so paid. It was held that the petition, as originally brought, was demurrable, but that the presiding judge properly allowed an amendment adding the name of Holcombe as plaintiff, suing for the use of the insurance company. We are not now discussing the question of the right of an insurer who is liable for the loss of property, under certain circumstances, to recover in the name of

the insured, for his use, against one negligently destroying the property. The point under consideration is as to amending a petition by adding the name of the person having the legal title to the property, suing for the use of the original plaintiffs. As to this point we think the ruling in the case cited is controlling on that now before us. It has not been reviewed and reversed or modified. In connection with the general subject, see *Mitchell* v. *Georgia & Alabama Railway,* 111 *Ga.* 760, 771 (36 S. E. 971, 51 L. R. A. 622); *Willis* v. *Burch,* 116 *Ga.* 374 (42 S. E. 718); *McElmurray* v. *Harris,* 117 *Ga.* 919 (43 S. E. 987); *McEachern & Co.* v. *Edmondson,* 122 *Ga.* 80 (49 S. E. 798); 38 Cyc. 463; 15 Enc. Pl. & Pr. 487 et seq.

Direction is given that the remittitur be entered.

*Judgment affirmed, with direction. All the Justices concur, except Hill, J., not presiding.*