LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al. v.* MORSE.

BECK, J. 1. Where personal property belonging to a partnership composed of two persons was destroyed by fire through the negligence of a railroad company, which consisted in a failure to properly equip its engines with suitable spark-arresters and other essential equipment of locomotive steam-engines, and subsequently to the commission of the tort resulting in the destruction of the property one of the partners died, the surviving partner could by suit enforce the liability of the railroad company for the tort as a surviving partner, without joining in the action the personal representative of the deceased partner, it appearing that it was expressly stipulated in the articles of partnership that in case of the death of either partner the other partner should have the authority to wind up the affairs of the partnership.

(a) Whether or not without such provision in the articles of partnership the surviving partner alone could enforce the liability by action it is not necessary to consider.

(b) The court declines upon review to reverse the ruling in the case of *City of Atlanta* v. *Dooly,* 74 *Ga.* 702.

2. Where an insurance company had paid to the owners of the property destroyed an amount for insurance, not exceeding the value of the property, and the plaintiff, the surviving partner in this case, in instituting action to recover damages against the tort-feasor in an amount equal to the insurance made the insurance company the usee in the suit, this did not furnish ground of complaint to the railroad company, whether the insurance company would have been entitled to recover under the application of the doctrine of subrogation or not.

(a) Whether the case of *Holcomb* v. *Richmond &c. Railroad Co.,* 78 *Ga.* 776 (3 S. E. 755), is sound in all of its rulings or not, as to its authority for the ruling allowing this suit in the name of the owner of

the property destroyed, for the use of the insurance company, the court thinks it is sound, and declines, upon review, to reverse the ruling upon that point.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 10, 1915.

Action for damages. Before Judge Walker. Wilkes superior court. January 29, 1914.

*Joseph B. & Bryan Cumming* and *Howard & Slaton,* for plaintiffs in error.

*Samuel H. Sibley* and *C. H. & R. S. Cohen,* contra.