### 9809.  McCarty *v.* The State.

Broyles, P. J.  1. Under repeated rulings of the Supreme Court and of this court, the overruling of a demurrer to an indictment can not properly be made a ground of a motion for a new trial. To enable this court to review such a judgment, direct exception to it must be taken in a bill of exceptions.

2. One of the special grounds of the motion for a new trial is as follows: "Because, before striking the jury in said case, counsel for movant stated to the court that he had just been informed that the Miners Association, composed of a number of citizens of Bartow County, had employed counsel to assist the solicitor in prosecuting movant, which the counsel so employed admitted was true; and then movant's counsel asked, and moved the court to hold and decide, that all jurors who were members or related to either of the members of said Miners Association by blood or marriage, within the ninth degree, were disqualified to sit as jurors in said case; which motion the court overruled, holding that only members of the Miners Association were disqualified, and held that other jurors were qualified to sit in said case, and required movant to strike a jury from the regular panel without inquiry as to such relationship; which judgment, holding, and direction of the court, movant alleges was error, as being contrary to law." Even if the ruling complained of were error (which is not here passed upon), it does not appear that the defendant was injured thereby, since it is not shown that any of the jurors upon the panel put upon the defendant were related to any of the members of the Miners Association.

3. The admission of testimony as complained of in the 3d special ground of the motion for a new trial, even if erroneous, was not so prejudicial to the accused as to require a new trial.

4. A special ground of the motion for a new trial complains of a remark of the court, made to the defendant's counsel during the trial of the case and in the presence of the jury, as being prejudicial to the accused. Inasmuch, however, as it does not appear that any motion for a mistrial was made because of the remark, no question for this court

to pass upon is raised. *Stapleton* v. *State,* 19 *Ga. App.* 38 (13) (90 S. E. 1029), and cases there cited.

5. Under repeated decisions of this court and of the Supreme Court, where a special ground of a motion for a new trial is so incomplete as to require the reviewing court to refer to the brief of the evidence, or other portions of the record, it will not be considered. This ruling disposes of the 5th special ground of the motion for a new trial.

6. While there are some slight inaccuracies in the excerpt from the charge of the court, as complained of in the 6th special ground of the motion for a new trial, these inaccuracies, when considered with the charge as a whole and in the light of the facts of the case, do not require a new trial.

7. There is no merit in the ground of the motion for a new trial which sets up that since the trial of the case the main witness for the State "has committed the crime of burglary, and has been indicted, plead guilty, and sentenced therefor to ten years in the penitentiary."

8. The verdict is authorized by the evidence and has been approved by the trial judge.

Judgment affirmed. *Bloodworth and Harwell, JJ., concur.*

DECIDED NOVEMBER 16, 1918.

Accusation of misdemeanor; from city court of Cartersville—Judge Aubrey. May 3, 1918.

The accused was convicted upon the charge that he did "unlawfully conduct and offer to do business as an emigrant agent without registering and procuring the license required by law and without paying the tax required by law." He excepted to the overruling of his motion for a new trial. The grounds referred to in paragraphs 3, 5, and 6 of the decision are as follows:

(3) The court admitted, over the objection that it was hearsay and hurtful to the accused, the following testimony of Bob Chism (who, as the movant contends, was the main witness for the State) : "Tom Littlejohn came to my house that night after he got out of jail, and he said he heard I flickered on this, and that Mr. McCarty [the accused] said if I did not pay him the $10 back I would be a dead negro." The testimony was given in answer to the question, "State whether or not Tom Littlejohn or Mr. Pettitt or anybody else had made any threats to you about that $10." On objection interposed the solicitor argued that, as counsel for the accused had sought to "shadow" the testimony of Chism because of the fact that he came from the common jail, it was competent to show "that he was kept there by the sheriff for safekeeping, threats having been made on his person, as he claimed, by Tom Littlejohn; and we expect to prove he is an agent of Mr. Pettitt, who is an agent of Mr. McCarty."

(5) The court charged the jury "that admissions and confessions should be scanned with extraordinary care; and with reference to the alleged conversation that took place in the presence of Mr. Callaway [sheriff], if your minds rest satisfied beyond a reasonable doubt that the defendant heard that conversation and did not refute the statement made, that would be a quasi admission of guilt on his part." Error was assigned, because the instruction is not law; and because it was an expression by the court of an opinion that the alleged conversation actually occurred, and that if the accused heard it the circumstances required an answer or denial by him, and that his failure to deny was a quasi admission of his guilt.

(6) The court charged: "If you find under this evidence, beyond a reasonable doubt, that the defendant was employing or seeking to employ laborers to be employed beyond the bounds of this State, you would be authorized to find him guilty, whether they aimed to return or not. . . If you find he was employing or hiring or seeking to hire labor to be employed beyond the bounds of the State, he would be an emigrant agent, and he would be guilty under the law." The movant contends that the instruction is not law, and is confusing and misleading; and that it is error for the reason that "it is not unlawful for one to employ or attempt to employ, even without a license, laborers to work for himself beyond the limits of the State temporarily, or, when he does procure or attempt to procure them for himself, to remove beyond the limits of the State, with a design to settle elsewhere; and one so doing is not an emigrant agent, or carrying on or attempting to carry on the business of an emigrant agent."

*A. W. Fite,* for plaintiff in error.

*Watt H. Milner, solicitor,* contra.