11512.   HILLYER v. MAGRUDER.

1. It was not error to allow the amendment, substituting for the landlord, as plaintiff, his tenant, suing for his use, for damages on account of destruction of crops on the rented land.

2. The demurrer to the suit was properly overruled.

3. Testimony as to the tenant's indebtedness to the landlord for rent and supplies was admissible.

4. The question as to the jurisdiction of the justice's court over the subject-matter of the suit could not properly be raised by petition for certiorari.

DECIDED JULY 15, 1920.

Certiorari; from Floyd superior court — Judge Wright.   February 9, 1920.

Junius F. Hillyer's goats went on S. F. Magruder's land and destroyed parts of the crops of cotton and corn grown on it by Magruder's tenant, Henry Kirk; and Magruder sued Hillyer in a justice's court on account of the destruction of the cotton and the corn. The court, over objection, allowed Magruder to amend his suit " by adding the name of Henry Kirk suing for the use of

S. F. Magruder." A trial of the case resulted in a verdict against the defendant for $45; he sued out certiorari, the certiorari was overruled,. and he excepted. The order overruling the certiorari was as follows: "Plaintiff in certiorari having admitted that the amount of Magruder's lien as. landlord for rent and supplies exceeded the value of the entire crop of the tenant, Kirk, the certiorari is overruled."

The suit is described in the summons as "a claim for damages, . . a copy of which is hereto attached;" and the copy referred to is in the form of an account, dated July 23, 1918, with undated items specifying the number, of pounds and the prices of cotton and corn "destroyed by flock of goats owned by said Hillyer," aggregating in amount $81.89, besides interest. The defendant demurred and moved to dismiss the suit, on the grounds: that no cause of action is shown; that the facts are not plainly, fully, and distinctly alleged; that it is not alleged when and where the property was destroyed; that no facts showing that the defendant is responsible for the acts of the goats are alleged; that it is not alleged that the defendant was negligent; that it is not alleged where the property was located when destroyed, — that is, whether it was in the field or gathered; that "sufficient facts are not alleged for the defendant to determine whether said action is one ex contractu or ex delicto;" and that "this court has no jurisdiction of this proceeding." The petition for certiorari assigns error on the overruling of the demurrer.

The objection to the amendment of the suit, by adding the name of Kirk as "suing for the use of" Magruder, was upon the grounds, that it added a new and distinct party plaintiff, that if the title to the property was in Magruder when the suit was brought; Kirk could not be added as a party suing for Magruder's use, and that if the title was in Kirk the suit should have been brought in his name originally and it was not permissible to add his name as suing for the use of Magruder. Error is assigned on the allowance of the amendment.

From the evidence it appeared that Kirk was Magruder's tenant for the year 1917, and raised in that year the crops of cotton and corn destroyed by the defendant's goats; that the crops were destroyed in December, 1917, and in January, 1918; that Magruder furnished supplies to Kirk, and Kirk was to pay to him a third of

the corn and a fourth of the cotton raised on the land, and that Kirk owed him for supplies and the rent of the land. Magruder testified that he had not had a settlement with Kirk; that Kirk owed him for the year something over $200; and that he (Magruder) had control over the land and had a landlord's lien for rent. Testimony as to Kirk's indebtedness to Magruder was objected to as irrelevant, and it is alleged that the court erred in admitting it.

The petition for certiorari alleges that the verdict was erroneous, because it was contrary to the evidence, unsupported by evidence, and contrary to law; because the title and right of possession of the property in question was in Kirk, and not in Magruder; because there was no evidence that the defendant was negligent; because the defendant was not bound under all conditions for the acts of the goats running at large, and there was no evidence tending to show that he was responsible on the occasions referred to by the witnesses; and because the evidence showed that "said justice court had no jurisdiction of said cause of action, the evidence showing that the subject-matter of the suit was real estate and not personal property."

*Willingham & Covington, Junius F. Hillyer,* for plaintiff in error, cited: 20 Kan. 90; 116 *Ga.* 374; 122 *Ga.* 80; 78 *Ga.* 776 (distinguished); Civil Code (1910), § 5517; 98 *Ga.* 626; 148 *Ga.* 201.

*Denny & Wright,* contra, cited: 78 *Ga.* 776; 137 *Ga.* 573 (2); 143 *Ga.* 110 (2a); Civil Code (1910), §§ 5664, 5667, 4727; 67 *Ga.* 487; 2 *Ga. App.* 159 (3), 161; 3 *Ga. App.* 160 (3); 122 *Ga.* 175; 117 *Ga.* 178 (2).

LUKE, J. This case arises by reason of exceptions to the overruling of a petition for certiorari. One of the controlling questions raised in the petition for certorari is whether the suit could be amended by substituting the name of the tenant of the plaintiff as plaintiff suing for the use of the landlord. It was proper to allow the amendment. See *Holcombe* v. *Richmond & Danville R. Co.* 78 *Ga.* 776 (3 S. E. 755); *L. & N. R. Co.* v. *Morse,* 143 *Ga.* 110 (84 S. E. 428), and cit.

The trial court did not err in overruling the demurrer to the petition, or in ruling upon the admissibility of evidence.

The question raised as to the jurisdiction of the court over the subject-matter of this suit can not properly be raised by petition

for certiorari. See *Sawyer* v. *Blakely, 2 Ga. App.* 159 (58 S. E. 399), and cit.

Under the particular facts of the case it was not error to overrule the petition for certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*