### 13423. ATLANTA CADILLAC COMPANY *v.* MANLEY.

JENKINS, P. J. 1. Whether or not a defendant bailee, in an action of tort brought by the owner to recover the value of property stolen while in the possession of the defendant, on account of an alleged lack of ordinary care for its protection, would be entitled to have the full panel of jurors placed upon voir dire with reference to their being officers, stockholders, or employees of an insurance company, on the theory that before the suit it had paid to the plaintiff the amount of a theft policy covering the property, and had thus become subrogated to the plaintiff's right of recovery, the refusal by the court to propound such questions will not constitute prejudicial error in the absence of any proof that any juror so disqualified was in fact placed upon the panel. *Carter* v. *State,* 106 *Ga.* 372 (6) (32 S. E. 345, 71 Am. St. R. 262); *McCarty* v. *State,* 23 *Ga. App.* 79 (2) (97 S. E. 446). In the instant case it furthermore appears from their affidavits that none of the jurors actually trying the case was thus disqualified.

2. "A chose in action arising from a tort is assignable where it involves, directly or indirectly, a right of property." Where there has been a complete legal assignment of such a chose in action, "the assignee may institute and maintain an action against the defendant tort-feasor for the entire damage sustained," and the assignor "is not a proper party plaintiff to the suit." *Sullivan* v. *Curling,* 149 *Ga.* 96 (1), 99 (99 S. E. 533, 5 A. L. R. 124). But where there has been a loss or destruction of property partly covered by a policy of insurance, and the insurance company has paid to the insured the amount of the policy, and by this

fact as well as by the express provisions of the policy is entitled to subrogation to the extent of such payment against the alleged tort-feasor, but where there has been no actual legal assignment of such chose in action either by the policy or otherwise, the company occupies the status merely of an equitable assignee, and the insured who suffered the loss and retains the legal title is the indispensable party plaintiff to the suit. Civil Code (1910), § 5517; *Delgado Mills* v. *Ga. R. Co.*, 144 *Ga.* 175 (86 S. E. 550); *Southern Ry. Co.* v. *Barrett*, 141 *Ga.* 584 (1), 588 (81 S. E. 863). In a case where the full amount of loss is covered by the policy, and a payment thereof has been made by the insurance company, the usual and proper method is the filing of a suit in the name of the holder of the legal title for the use of the company. *Louisville &c. R. Co.* v. *Morse*, 143 *Ga.* 110 (2) (84 S. E. 428); *Ford* v. *Atlantic Compress Co.*, 138 *Ga.* 496 (*b*), 498 (75 S. E. 609, Ann. Cas. 1913D, 226); *Louisville &c. R. Co.* v. *Ramsay*, 137 *Ga.* 573 (2), 576 (73 S. E. 847, Ann. Cas. 1913B, 108); *Holcombe* v. *Richmond &c. R. Co.*, 78 *Ga.* 776 (3 S. E. 755). But where, as here, the alleged amount of loss sustained by the insured exceeds the payment made by the company, since the wrongful act is indivisible and gives but one cause of action (26 C. J. 464; Southern Ry. Co. *v.* Blunt, 165 Fed. 258; Hanton *v.* New Orleans R. Co., 124 La. 562, 50 So. 544; Jacobs *v.* N. Y. Central &c. R. Co., 107 App. Div. 134, 94 N. Y. Supp. 954, 186 N. Y. 586, 79 N. E. 1108; Ex parte Phœnix Ins. Co., 86 S. E. 52, 68 S. E. 21), and especially where there has been no legal assignment to the company, and the assured retains not only the legal but a beneficial interest in the action for the amount of loss exceeding the insurance, the tendency of the courts is to hold that the action must be brought in the name of the insured, and that the insurer is not a necessary or proper party. *Equitable Fire Ins. Co.* v: *Jefferson Standard Life Ins. Co.*, 26 *Ga. App.* 241 (105 S. E. 818); 26 C. J. 466, and cases cited. In the instant case the exceptions taken pendente lite to the disallowance of an amendment to the defendant's answer, seeking to set up that the plaintiff's right of recovery had been lost by reason of the insurance company's rights of subrogation, are therefore without merit. See also *Fidelity &c. Co.* v. *Nisbet*, 119 *Ga.* 316, 321 (46 S. E. 444); *Joiner* v. *Singletary*, 106 *Ga.* 257, 259 (32 S. E. 90); *Yatesville Bkg. Co.* v. *Fourth National Bank*, 10 *Ga. App.* 1 (4), 7, 8; *City of Rome* v. *Rhodes*, 134 *Ga.* 650 (68 S. E. 330); *Renfroe* v. *Fouché*, 26 *Ga. App.* 340 (5) (106 S. E. 303); Foster v. Mo. Pac. R. Co., 143 Mo. App. 547.

3. The court in the instant suit (for the recovery of the value of an automobile) charged the jury: "The plaintiff was bound, on his part, to exercise ordinary care in respect to the car. If it had a lock on it and he failed, if he did fail, to lock it, you may consider that in estimating plaintiff's care. Consider whether it was the duty of the plaintiff to lock his car, whether locking it would have prevented defendant from moving it, whether the defendant took possession of it unlocked, whether defendant had any duty in respect to the locking of the car, all these matters may be considered in connection with the ordinary care each party was bound to exercise." Exception is taken to this instruction as amounting to an expression of opinion that the locking of

the automobile would have prevented the defendant from moving it, and that it was not the duty of the plaintiff to lock the automobile. Under the pleadings and the evidence, one of the chief issues was whether or not a bailment existed by reason of the delivery of the car by the owner to the defendant for the making of repairs, and the defendant's acceptance of the property for that purpose. It appears, from the undisputed evidence, that the machine while in an unlocked condition was stolen from the street near the entrance to the defendant's garage, where it had been left by the owner. The issue was whether or not it had been then and there so accepted by the defendant. If the car was received at all, it was thus received; and if not so received by the defendant, there being no bailment, the defendant was not liable for its loss. If in fact it was so received, the duty thereupon devolved upon the defendant to exercise ordinary care for its protection, and no duty rested upon the plaintiff thereafter to lock the car or otherwise attend to its safety. The instruction quoted is not, therefore, subject to the exceptions taken, but was more favorable to the defendant than was required under the law and the evidence.

4. Where a bailment exists, " on proof of loss, the burden is upon the bailee to show that he has exercised the proper degree of care and diligence." Civil Code (1910), §§ 3469, 3470, 3503; *Renfroe* v. *Fouché*, supra. While the evidence was conflicting, the jury were authorized to find that at the time of the theft of the car by an unknown person it was in the defendant's possession as a bailee, and that the defendant failed to exercise ordinary care in leaving it unprotected upon the street. The amount of the verdict for the plaintiff was not unauthorized, under some of the evidence presented; and for no reason assigned can the verdict and judgment be set aside.

*Judgment affirmed.  Stephens and Bell, JJ., concur.*

Decided February 10, 1923.

Complaint; from Fulton superior court — Judge Ellis.  February 6, 1922.

*Bryan & Middlebrooks,* for plaintiff in error.

*Leonard Haas,* contra.