### 15039. DARLEY, for use, etc., *v.* EHRLICH & Co. *et al.*

BELL, J. 1. The right to maintain the present trover action was not negatived by the allegation that the plaintiff was suing for the use of another. "His petition" having alleged that the property sued for was "the property of petitioner," the reference to a usee was mere surplusage, to be ignored. See *Mitchell* v. *Georgia & Alabama Ry.,* 111 *Ga.* 760 (2) (36 S. E. 971, 51 L. R. A. 622); *Norcross Butter &c. Co.* v. *Summerour,* 114 *Ga.* 156 (3) (39 S. E. 870); *McEachern* v. *Edmondson,* 122 *Ga.* 80 (49 S. E. 798); *Louisville & Nashville R. Co.* v. *Ramsay,* 137 *Ga.* 573 (2) (73 S. E. 847, Ann. Cas. 1913B, 108); *Louisville & Nashville R. Co.* v. *Morse,* 143 *Ga.* 110 (2) (84 S. E. 428); *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 Am. L. Rep. 124).

2. The averments as to *past transactions,* as contained in paragraph 2,

unlike the fatal allegation in *Herring Safe Co.* v. *Baker County*, 77 *Ga.* 535 (3 S. E. 521), apparently were made for the purpose of identification and description, and, in view of the petition as a whole, did not, upon general demurrer or a motion to dismiss, show affirmatively as a matter of law that the plaintiff did not have title, as alleged, *at the time of the suit*. *Phelan* v. *Vestner*, 125 *Ga.* 825 (54 S. E. 697).

3. The petition set forth a cause of action, and the court erred in sustaining the oral motion to dismiss it. *Harrell* v. *Attaway*, 18 *Ga. App.* 269 (1) (89 S. E. 347).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 13, 1924.

Trover; from city court of Bainbridge—Judge Spooner. August 20, 1923.

Application for certiorari was denied by the Supreme Court.

The petition was as follows: "C. L. Darley, suing for the use of First National Bank of Pelham, brings this his petition against W. H. Harrell and against H. B. Ehrlich & Company, a partnership composed of H. B. Ehrlich and H. L. Gans, and respectfully shows:

"1. Defendants are each and all residents of the county of Decatur and within the jurisdiction of the city court of Bainbridge.

"2. Defendants are in possession of the following described personal property, to wit: Two (2) bales of upland cotton, ginned and packed and weighing approximatetly 500 lbs. each, being the same two (2) bales of cotton bargained by C. L. Darley to W. H. Harrell on or about October 12, 1922, and for which the said W. H. Harrell gave his two (2) drafts on the Citizens Bank of Bainbridge, as follows: One for bale No. 262, for $95.80; one for bale No. 263, for $99.00.

"3. Said personal property is the property of petitioner.

"4. Said property is of the value of $250.00.

"5. Said defendants refuse to deliver said personalty to your petitioner or to pay him the profits thereof.

"Wherefore, petitioner prays," etc.

The court sustained an oral motion to dismiss the petition, and the plaintiff excepted.

*H. H. Merry, Harrell & Custer,* for plaintiff.

*J. C. Hale,* for defendants.