AMERICAN. SURETY CO. *v.* COUNTY OF BIBB, for use, etc.

Where, under the facts stated in the question certified by the Court of Appeals, a materialman improperly brought suit in his own name against a compensated bonding company as surety, and it appeared that under the terms of the bond no indemnity was provided in behalf of the materialman, an amendment was not allowable making the suit proceed in the name of the county for the use and benefit of the materialman.

No. 5062. JUNE 22, 1926. REHEARING DENIED JULY 16, 1926.

The Court of Appeals (in Case No. 16326) certified the following questions:

Appeal and Error, 4 C. J. p. 1093, n. 77.
Counties, 15 C. J. p. 558, n. 45, 47.
Pleading, 31 Cyc. p. 486, n. 50.

"1.   Where a bond was given by a contractor for the doing of public work, payable to a county in this State, with a compensated bonding company as surety, which bond, though not in conformity with the act approved August ʌ19, 1916 (Ga. L. 1916, p. 94, 8 Park's Code Supp. § 389(f) et seq.), was conditioned for the faithful compliance by the contractor with the terms and conditions of his contract with the county, so as to indemnify and save harmless the county from all cost, expenses, damages, injury, or loss from the execution and performance of the contract, and from all cost and charges that might accrue ·on account of the work specified under the contract, and for the payment, as they became due, of all just claims for work, tools, machinery, labor, and materials furnished by persons under and for the purpose of said contract, and where there were no other conditions or provisions in the bond affecting the right of the materialman or relating to the right of the county to sue upon the bond for the use of a materialman, and where a suit was improperly brought in the first instance in his own name by a materialman who had furnished materials to the contractor to be used and which were used in the performance of the contract between the contractor and the county for the doing of the work, and for which materials the contractor was liable, and for which he had failed to make payment, was it proper to allow an amendment to the suit making it proceed in the name of the county as plaintiff, suing for the use and benefit of the materialman, where the bonding company was then and there objecting to the allowance of such amendment, upon the grounds that no cause of action was set out against it in the original petition; that since no cause of action was set forth in the original petition, it was not amendable; that the bond did not inure to the benefit of the plaintiff; that the plaintiff had no right of action thereon in suing for the use and benefit of another; and that there were no allegations in the petition, and would be· none on the allowance of the amendment, to show any liability by the bonding company to the county because of the failure of the contractor to pay the materialman; and where the petition as amended sufficiently sets forth a cause of action, unless it be otherwise because the bond was not such that a suit could be brought thereon in the name of the county merely for the use of the materialman?

"2.   Where a bond was of the character described in the ques-

tion propounded by the Court of Appeals to the Supreme Court when this case was before the Court of Appeals upon the former occasion, which question will be found in the case of *American Surety Co.* v. *Small Quarries Co.,* 157 *Ga.* 33, and where the bond contained no other clause or provision than as stated in such question, affecting the right of the materialman or relating to the right of the county to bring suit thereon for the use of the materialman, was the bond one upon which suit could be brought in the name of the county as plaintiff, suing for the use of the materialman who had furnished to the contractor materials to be used and which were used in the performance of the contract between the contractor and the county, where the amount due for such materials was past due and the contractor was liable therefor but had failed to make payment?"

*Robert W. Barnes,* for plaintiff in error.

*Jones, Park & Johnston,* contra.

GILBERT, J. The case was previously before this court on a certified question from the Court of Appeals. *American Surety Co.* v. *Small Quarries Co.,* 157 *Ga.* 33 (120 S. E. 617). In answering the certified question then propounded this court held that "One who furnished materials to the contractor to be used, and which were used, in the performance of his contract with the county can not maintain an action therefor in his own name against the principal and surety on the bond, by virtue of the provisions of the act approved August 19, 1916 (Ga. Laws 1916, p. 94)." This ruling was the result of our conclusion that the bond was not statutory, that is, that it was not given under and in compliance with the statute just mentioned. The ruling then made is, of course, now the law of the case. From the question now propounded it appears that subsequently to the aforesaid decision an amendment was offered to the petition, making the suit proceed in the name of the "County of Bibb as plaintiff suing for the use and benefit of Small Quarries Company." It also appears that the bonding company objected to the allowance of such amendment, "upon the grounds that no cause of action was set out against it in the original petition; and that since no cause of action was set out in the original petition, it was not amendable; that the bond did not inure to the benefit of the plaintiff; that the plaintiff had no right of action thereon in suing for the use and benefit

of another; and that there were no allegations in the petition, and would be none on the allowance of the amendment, to show any liability by the bonding company to the county because of the failure of the contractor to pay the materialman; and where the petition as amended sufficiently sets forth a cause of action, unless it be otherwise because the bond was not such that a suit could be brought thereon in the name of the county merely for the use of the materialman." In this State the right of amendment is exceedingly broad and liberal. Our Civil Code (1910), § 5689, reads: "When several plaintiffs sue jointly, the declaration may be amended by striking out the name of one or more of such plaintiffs. And when it becomes necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his use." In *Thrift* v. *Baker,* 144 *Ga.* 508, at p. 510 (87 S. E. 677), this court said: "A person may sue in the name of another for his use, if he has a beneficial interest to protect, and the legal right to sue is in the other. *Wheeler* v. *Stapleton,* 99 *Ga.* 731 (27 S. E. 724); *Holcombe* v. *Richmond & Danville R. Co.,* 78 *Ga.* 776 (3 S. E. 755); Civil Code, § 5689. But there is no rule which authorizes a person having no beneficial interest to protect to sue in the name of another for his use."

The *Wheeler* case, cited above, was a suit on account, and the court held: "Where the legal title to a chose in action is in one person and the beneficial interest is in another, an action thereon by the latter may be amended by inserting the name of the former as suing for the use of the plaintiff." The *Holcombe* case was a suit brought by an insurance company against a railroad for the negligent burning of cordwood. It was alleged that the insurance company had insured Holcombe, the owner of the wood, and had paid him the amount of his loss. The defendant demurred to the petition, on the ground that there was no right of action in this insurance company against it; that there was no privity between them; that the defendant had destroyed no cordwood belonging to the insurance company. The demurrer was sustained, and the plaintiff excepted. This court held that the declaration was demurrable as showing no privity between the parties and no right of action on behalf of the plaintiff against the defendant, but also held that the declaration "was amendable by inserting the

name of the owner of the wood as the plaintiff suing for the use of the insurance company." The *Holcombe* case was approved and followed on this ruling in *Louisville & Nashville R. Co.* v. *Morse,* 143 *Ga.* 110 (2 *a*) (84 S. E. 428). In *Demington* v. *Douglass,* 43 *Ga.* 353, 354, the suit was on a promissory note payable to A only, and the suit was in the name of A for the use of B. C was the true owner of the note; and this court held that it was proper to permit the declaration to be amended by striking out B's name and inserting the name of C. In that case it was said: "The usee's name is put in at the start, at the option of the legal plaintiff. It is his business, and not the business of the defendant. He is not bound to put his name in the declaration at all. If the plaintiff does so, the court will recognize it. We see no reason why he may not change it at his pleasure, only so that thereby he does not injure the defendant. The putting in of the name of a usee at law is not necessary in any case, except for his (the usee's) protection, and is in fact nothing but a declaration by the plaintiff that he is not himself the true equitable owner of the debt." And see *L. & N. R. Co.* v. *Ramsey,* 137 *Ga.* 573, 576 (73 S. E. 847, Ann. Cas. 1913B, 108); *Union City Realty Co.* v. *Wright,* 138 *Ga.* 703 (2) (76 S. E. 35).

From a consideration of the authorities quoted and cited we are led to the conclusion that the true test as to whether the petition in this case was amendable so as to make it proceed in the name of the county for the use of the materialman depends upon whether the materialman "has a beneficial interest to protect." Under the *Thrift* case, supra, only two things are essential to permit one to sue in the name of another for his own use; one is the holding of a beneficial interest, and the second is the legal right to sue being in the other. What, therefore, is meant by the phrase "if he has a beneficial interest to protect?" Undoubtedly, having furnished material to the contractor to be used for the benefit of the county under a legal contract, the materialman has an interest to protect in the matter of collecting the agreed price of the material furnished. Is this the "beneficial interest" mentioned above, or does that phrase "beneficial interest" refer to some interest in the surety contract, or both? Under the previous decision, *American Surety Co.* v. *Small,* supra, it has been adjudicated that under the contract of suretyship there was no direct obligation on the part

of the surety company to the materialman. That follows from the ruling that the Quarries Company could not sue in its own name. It seems clear to us that the Quarries Company must not only have a legal claim on the contractor for the price of the material furnished, but it must also have been in contemplation of the parties to the surety contract that the bond should indemnify materialmen. We get the intention of the parties from the contract. It should be borne in mind, however, that this suit has nothing to do with the transfer or assignment of a chose in action, as did some of the suits mentioned above. There is no question of subrogation involved. There is no privity whatever between the Bonding Company and the Quarries Company, unless it can be found in the terms of the written contract. By reference to the question propounded we find that the bond "was conditioned for the faithful compliance by the contractor with the terms and conditions of his contract with the county, *so as to indemnify and save harmless the county* [italics ours] . . for the payment, as they became due, of all just claims for . . materials furnished by persons under and for the purpose of said contract," and that there were *no other conditions or provisions in the bond affecting the right of the materialman.* From a careful consideration of the language just quoted we are forced to the conclusion that the materialman had no interest in this contract of suretyship. The meaning of the contract must not be extended by construction beyond the ordinary signification of the words employed therein. We can find no beneficial interest of the materialman which is protected by virtue of the terms of this bond. It is not enough to authorize him to sue on the bond, that he furnished material for which he has never been paid. Before he can sue the surety company there must be an obligation on the part of the latter to indemnify the Quarries Company as a materialman, and this the bond does not undertake to do. It is regrettable that the Quarries Company may lose the value of the material furnished, but this unfortunate situation is due directly to the want of care on the part of the materialman. Such oversight is frequently encountered in the dealings of capable business men. The law of the State has provided in the act of 1916, supra, adequate protection for all materialmen, laborers, etc., and it was the duty of all concerned who were unwilling to depend alone upon the financial

responsibility of the contractor to see that the contractor's bond was in conformity with the act of 1916. Had such a bond been furnished, the indemnity would have inured to the benefit of the materialman. Finding that no such bond had been provided by the contractor, materialmen had the option of refusing to furnish the material. As was said in *Hannah* v. *Lovelace-Young Lumber Co.*, 159 *Ga.* 856, at p. 861 (127 S. E. 228): "It was the duty of this materialman to have looked first to his own safety. If, in the exercise of ordinary care, he had not furnished the material until he had examined the bond given by the contractor and had not supplied this material unless or until a proper bond had been given, he would have sustained no loss. Negligence is not one of the rights protected by law." It is possible that the plaintiff was induced to offer the amendment because of the language used by this court when it was previously before us. In concluding the opinion then it was said: "Whether they [the plaintiffs] should have brought the suit in the name of the county for the use of the Quarries Company, or whether they should have sued the county under section 2 of the act, . . is not now for decision." It may be very justly said that it were better had the above language been omitted.

We reply to the Court of Appeals that the amendment was not allowable. The above reply answers both questions.

*All the Justices concur, except Hines, J., who dissents.*