VINCENZO FERRAIOLE *vs.* LAMSON OIL CO.

DECEMBER 11, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J.   After a $1,500 verdict for plaintiff in an action of case defendant is here on two exceptions, one, to the refusal of the trial justice to quash the writ and declaration, the other, to his refusal to direct a verdict for defendant.   Both are based upon the claim that an insurer who had paid a portion of plaintiff's loss was a necessary party to this litigation.

The evidence showed that defendant's negligence caused a fire which damaged plaintiff's property. Plaintiff was insured in the Franklin Fire Ins. Co. under a policy which covered only a portion of the loss. The policy contained a provision for the insurer's subrogation to the extent of its payment of the loss and for assignment to it of such portion of the insured's interest if the insurance company claimed that the fire was caused by act or neglect of any person or corporation. There was no evidence that such claim had been made by the insurance company or any assignment sought from the plaintiff. The insurance company was not referred to in the pleadings as beneficially interested in any way. It did appear in the course of the trial that the company's liability to plaintiff had been settled by a payment of $714.15 before plaintiff brought the present action against defendant, and that the insurance company would claim this amount from plaintiff if he recovered a larger sum from defendant. It is admitted that there was evidence to support the verdict if all necessary parties were before the court.

Defendant expresses a fear that because knowledge of plaintiff's partial indemnification appeared in the evidence, payment of judgment following verdict may be considered to be a voluntary payment to plaintiff in an attempt to defeat the rights of the insurance company. The question stated by counsel is: "Where the fire loss exceeds the insurance may the insured bring an action against the wrongdoer in his own name or must the insurer be made a party?"

From the statement of the case it is clear that this action at law called for no determination of any rights of the insurance company. It was to recover for defendant's negligent act resulting in damage to plaintiff's property. The question of how much, if any, of the recovery the insurance company might be entitled to could not be determined here. There is no evidence that the insurance company made claim prior to the suit that the fire was caused by defendant's

negligence. Any subrogation of the insurance company to a portion of plaintiff's rights against defendant would not be acquired pursuant to the terms of the policy but by reason of an equity arising from payment of the loss. Knowledge by defendant that the insurer had made demand upon plaintiff if successful in this suit, to repay the amount of loss paid by it could not render defendant directly liable to the insurer for negligence. While it is true that an insurer who pays all or part of the loss to the insured may become an equitable assignee in whole or in part of the claim against the wrongdoer. 7 Cooley, Briefs on Ins. p. 6675, *Offer* v. *Superior Court of San Francisco*, 194 Calif. 114, the principle upon which this doctrine rests is "not based on the theory of a direct legal right of the insurer against the wrongdoer . . . but on the equitable doctrine of subrogation." *Leavitt* v. *Pacific Ry. Co.*, 90 Me. 153; *Conn. Mutual Life Ins. Co.*, v. *N. Y., N. H. & H. R. R. Co.*, 25 Conn. 265. In some states where the insurance company has paid the entire loss it has been allowed to sue at law in its own name, cf. *Atlanta Cadillac Co.* v. *Manley* (Ga.) 116 S. E. 35, but suit in the name of the assignee of a chose in action is a departure from common law principles and our decisions uniformly have required suit to be brought in the name of the assignor. *Goodman* v. *Zitserman*, 47 R. I. 466. Where there is only a partial assignment of a chose in action, unless the debtor or wrongdoer has consented to be liable to a partial assignee, suit at law everywhere must be brought in the name of the assignor. Notice to the debtor or wrongdoer does not subject him to any liability at law on the original claim to the assignee. 5 C. J. 894. Defendant's liability is single and without its consent may neither be rendered joint nor divisible by reason of the fact that plaintiff partially has been indemnified. Defendant is bound to respond in damages for the whole loss to the owner of the property alone. What the owner may or should do with all or any portion of the money thus recovered does not in this action concern the tort feasor. The Franklin

Fire Ins. Co. as a possible partial equitable assignee was not a necessary or proper party to this action at law, whatever rights it might possess against plaintiff in equity. Its rights as partial assignee and plaintiff's rights as owner of the property damaged could not be settled in a single suit at law against defendant. *Monmouth County Mutual Fire Co.* v. *Hutchinson*, 21 N. J. Eq. 107. Payment of an execution following judgment on this verdict will extinguish defendant's liability to plaintiff and can have no element of voluntary settlement between an assignor and debtor to the prejudice of an equitable assignee of the entire claim, reference to which was made in *Goodman* v. *Zitserman, supra*. The insurance company after payment of this judgment by defendant is not entitled to proceed against defendant for negligently permitting the fire to damage plaintiff's property. It is immaterial to defendant whether ultimately the insurance company may be entitled to receive from plaintiff some portion of the amount recovered. The action was properly brought by the insured in his own name against the wrongdoer. *Norwich Union Fire Ins. Society* v. *Standard Oil Co.*, 59 Fed. 984 (C. C. A.), 26 C. J. 466, n. 16, and the insurance company was neither a necessary nor proper party plaintiff. *Chicago &c. Ry. Co.* v. *Pullman Car Co.*, 139 U. S. 79; *Hanton* v. *New Orleans Light Co.*, 124 La. 562; *Southern Bell Telephone Co.* v. *Watts*, 66 Fed. 460 (C. C. A.); 26 C. J. 466, n. 17.

There was no error in the denial of defendant's motion for direction of a verdict or to quash the writ.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Pettine, Godfrey & Cambio, John Di Libero*, for plaintiff.

*Henry M. Boss, Jr., Boss, Shepard & McMahon*, for defendant.