33447. BROWDER *v.* COX , for use, *et al.*

DECIDED APRIL 6, 1951. REHEARING DENIED APRIL 18, 1951.

*H. C. Schroeder, George D. Anderson, Robert T. Efurd,* for plaintiff in error.

*James K. Rankin, Edward E. Dorsey, Powell, Goldstein, Frazer & Murphy,* contra.

SUTTON, C. J.  Andy Cox, suing for the use and benefit of the American Security Insurance Company, brought an action in trover for the value and hire of an automobile against Jimmy O. Wooten, Charles Coffee, Arnold Price, and W. W. Browder. The petition as amended alleged in substance that, on February 6, 1950, the plaintiff was the owner and in possession of a 1947 Dodge automobile of the value of $1100 at that time, and on that date one Gene Jones wrongfully took possession of and converted said automobile; that, on February 10, 1950, the defendant, Wooten, sold said automobile to the defendants, Coffee and Price, who in turn sold said automobile to the defendant, W. W. Browder; that, in April, 1950, the plaintiff found his automobile in the possession of the defendant, Browder, who, on demand for possession, refused to surrender the automobile to the plaintiff, but returned it to Coffee and Price, from whom Browder received back the amount he had paid them for the automobile; that said automobile is now in the possession of the defendants, Coffee and Price, who have failed and refused to surrender it to the plaintiff, although demand for possession thereof has been made upon them; and that none of said defendants has any title or right of possession to said automobile, for the legal title and right of possession was at all times mentioned vested in the plaintiff, Cox, who also claims hire on said automobile at the rate of $5 per day from February 10, 1950, until the time of the trial.

The fifteenth paragraph alleged: "That on December 20, 1949, Andy Cox purchased and had issued to him by American Security Insurance Company, an Automobile Physical Damage and Loss policy of insurance, insuring Andy Cox against any

collision, fire, theft and/or comprehensive damage or loss to said Dodge automobile, and that by reason of the loss of the possession of said automobile as aforesaid, which was covered by the terms of said insurance policy, Andy Cox filed a proof of loss with American Security Insurance Company under date of February 8, 1950, and on March 11, 1950, American Security Insurance Company paid the sum of $1,065.00 in settlement of said loss, representing the actual cash value of said Dodge sedan at the time of the loss as aforesaid. That in consideration of the aforesaid payment to him, the said Andy Cox executed and delivered to American Security Insurance Company a transfer, assignment and subrogation of all of the right, title and interest of the said Andy Cox in and to the said Dodge automobile, the same being in the following language: 'And in further consideration of the sum aforesaid ($1,065.00), I do hereby sell, assign and subrogate to the said company (American Security Insurance Company) to the extent of all payments made by it because of said damage, any and all claims or demands that I may have both at law and in equity against any other party or parties because of the loss aforesaid and the damage resulting therefrom, and I agree to assist said company to recover from such other party or parties.' Accordingly, Andy Cox, who had the legal title to said Dodge automobile on February 6, 1950, and by virtue of the facts alleged in the within amendment and the original petition, brings suit for the use of and for the benefit of American Security Insurance Company."

W. W. Browder demurred specially to the petition before it was amended, and the plaintiff amended to meet the criticism of the special demurrers by showing in detail the wrongful taking of the automobile, and by showing the interest of the insurance company, as set out in paragraph 15. Browder renewed his special demurrers after the petition was amended, and he also demurred to the amended petition on the ground that it set forth no cause of action against him, since it showed that at the time of filing the plaintiff had no cause of action against Browder, the plaintiff having previously sold and assigned to the named insurance company any and all claims or demands that he had, either at law or in equity, and having transferred all his title and interest in the automobile to the named insurance company.

The trial judge overruled Browder's demurrers on each and every ground, and Browder excepts to the order overruling his demurrers.

■ "A right of action is assignable if it involves, directly or indirectly, a right of property; but a right of action for personal torts or for injuries arising from fraud to the assignor may not be assigned." Code, § 85-1805. It was stated in the case of *Sullivan* v. *Curling*, 149 *Ga.* 96, 101 (99 S. E. 533, 5 A.L.R. 124), from which the above Code section in part was codified, "Where, however, the right of action does involve directly or indirectly a right of property, it is assignable, and the assignee must bring suit in his own name without joining the assignor, which is the same rule that obtains in regard to choses in action arising ex contractu." And it was held in *Dunlap-Huckabee Auto Co.* v. *Cen. Ga. Automotive Co.*, 31 *Ga. App.* 617, 620 (122 S. E. 69), that "Whatever other rights or remedies a plaintiff might have, in a case where property previously belonging to him was illegally converted at a time when the title was vested in himself, we do not think that he is entitled to maintain an action in trover where it appears that at the time the suit is instituted he does not own and does not claim the property for which he sues."

In the present case, when possession of the automobile was forcibly taken from the plaintiff, the plaintiff did not thereby lose his title to the automobile, although he did lose the use and enjoyment of the car. He had the right to recover the automobile or the value thereof from the person in possession of it, and he also had the right to transfer or dispose of his right of action. Under the allegations of the petition challenged by the general demurrer, does the plaintiff show that he has any interest in the present action? We think not.

The general allegation that at all times mentioned in the petition the plaintiff had the legal title and the right to possession of the automobile is restricted by the particular allegation as to what occurred between the time of the conversion, February 6, 1950, and the date of filing the petition, June 1, 1950. It is alleged that the insurance company, on March 11, 1950, "paid the sum of $1,065.00 in settlement of said loss, representing the actual cash value of said Dodge sedan at the

time of the loss as aforesaid." It is then alleged that the plaintiff executed and delivered to the insurance company a transfer of all his right, title and interest in his automobile, by an instrument containing the following terms: " And in further consideration of the sum aforesaid ($1,065.00), I do hereby sell, assign and subrogate to the said company (American Security Insurance Company) to the extent of all payments made by it because of said damage, any and all claims or demands that I may have both at law and in equity against either party or parties because of the loss aforesaid and the damage resulting therefrom. . . " Since the transfer was made "to the extent of all payments made" by the insurance company, and the payment of $1065 is alleged to have represented the "actual cash value of said Dodge sedan at the time of the loss," and since Cox had transferred any and all claims or demands that he had both at law and in equity against either party or parties because of the loss aforesaid and the damage resulting therefrom, it is apparent that the plaintiff, Cox, had transferred his right to assert his title to the automobile in an action of trover to the insurance company. Having transferred his right to recover the property, the plaintiff had no right of action when he filed his suit, and could not maintain the action for himself or for the use of the insurance company. "Although a plaintiff having a right of action against another may sue for the use of any person whom he may designate to take the proceeds of the action, a plaintiff having no right of action at all can not recover either for his own benefit or for the use of any one else." *Terrell* v. *Stevenson*, 97 *Ga.* 570 (25 S. E. 325). See *Virginia-Carolina Chemical Co.* v. *Rachels*, 41 *Ga. App.* 221 (152 S. E. 308); *Hoxie* v. *Americus Automobile Co.*, 73 *Ga. App.* 686 (37 S. E. 2d, 808); *Lumpkin* v. *American Surety Company*, 61 *Ga. App.* 777 (7 S. E. 2d, 687); *Norwich Ins. Society* v. *Wellhouse*, 113 *Ga.* 970 (39 S. E. 397); *Hall* v. *Simmons*, 125 *Ga.* 801 (54 S. E. 751); *Ross* v. *Glover-Ball Co.*, 156 *Ga.* 109, 115 (118 S. E. 691); *National Ins. Co.* v. *McGann*, 170 *Ga.* 573 (1) (153 S. E. 362); *Hill* v. *Shaw*, 62 *Ga. App.* 757 (9 S. E .2d, 850).

■ The trial judge erred in overruling the general demurrer of W. W. Browder to the petition as amended. It is unnecessary to pass on the overruling of the renewed special demurrers.

The cases of *McElmurray* v. *Harris*, 117 *Ga.* 919 (43 S. E. 987), *McLendon* v. *Simmons*, 40 *Ga. App.* 27 (148 S. E. 626), *Atlanta Cadillac Co.* v. *Manley*, 29 *Ga. App.* 522 (116 S. E. 35), *Joy Floral Co.* v. *Norris*, 34 *Ga. App.* 796 (131 S. E. 920), *L. & N. R. Co.* v. *Morse*, 143 *Ga.* 110 (84 S. E. 428), *Holcombe* v. *Richmond &c. R. Co.*, 78 *Ga.* 776 (3 S. E. 755), and *First Nat. Bank* v. *American Surety Co.*, 71 *Ga. App.* 112 (30 S. E. 2d, 402), which are cited and relied upon by the plaintiff, have been carefully examined, but they do not authorize or require a different ruling from the one here made, under the facts of this case.

*Judgment reversed. Felton and Worrill, JJ., concur.*